RONALD C. CHAUVEL (SBN 83182)
BRANDON L. REEVES (SBN 242897)
GREENE, CHAUVEL, DESCALSO & MINOLETTI
951 Mariner's Island Blvd., Suite 630
San Mateo, CA 94404
Telephone: (650) 573-9500
Facsimile: (650) 573-9689

Attorneys for Plaintiff
De Sol Corp., Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Francisco Division)

| | |
|---|---|
| De Sol Corp., Inc., a California corporation,<br><br>          Plaintiff,<br><br>vs.<br><br>Vegas Connection, Inc., a California corporation; Omar Awad, an individual; Jahangir Shahriari, an individual,<br><br>          Defendants. | Case No.<br><br>**COMPLAINT FOR MONEY (PAYMENTS DUE ON PERISHABLE AGRICULTURE)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff De Sol Corp., Inc. alleges as follows:

### I. THE PARTIES

1.     De Sol Corp., Inc. is a corporation organized under the laws of the State of California, with its principal place of business located in San Mateo, California.

2.     On information and belief, Vegas Connection, Inc. is a California corporation that owns and operates a perishable produce business located at 800 McGarry St., #4, Los Angeles, California.

3.     On information and belief, Omar Awad is an individual residing in Los Angeles, California.

1

COMPLAINT FOR MONEY

4. On information and belief, Jahangir Shahriari is an individual residing in Glendale, California.

5. On information and belief, Omar Awad and Jahangir Shahriari own and control Vegas Connection, Inc.

## II. JURISDICTION AND VENUE

6. This action arises under the Perishable Agricultural Commodities Act of 1930 (7 U.S.C. § 499a et seq.)

7. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), more specifically 7 U.S.C. §§ 499e(b) and 499e(c)(5).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of California.

## III. FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

9. At all relevant times Plaintiff De Sol Corp., Inc. is and was licensed by the United States Department of Agriculture, as defined in the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a et seq., to buy, sell, and/or trade perishable agricultural commodities.

10. On information and belief, at all relevant times Defendant Vegas Connection is and was licensed by the United States Department of Agriculture as defined in the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a et seq., to buy, sell, and/or trade perishable agricultural commodities.

11. Between January and June 2007, Plaintiff acquired perishable produce from suppliers in Mexico to be imported and delivered to Vegas Connection's location in Los Angeles. Plaintiff ordered, paid for, and separately invoiced the Defendants for the shipments of produce. Each produce shipment is represented by a bill of lading signed by Defendants as received, and a corresponding invoice for the total amount due. Plaintiff delivered each invoice to Defendants by facsimile and/or mail, from its office in San Mateo, California, immediately

2

COMPLAINT FOR MONEY

after the shipments arrived at Defendants' location, after Defendants had an opportunity to inspect the quantity and quality of said produce.

12. Despite Defendants' receipt of the produce and subsequent resale of the produce for a profit, Defendants have refused, and continue to refuse, to pay Plaintiff the amounts owed on approximately twenty five (25) invoices, for a total amount owed of $151,181.77. Attached hereto as Exhibit A, and incorporated herein by this reference, is a copy of a summary of outstanding invoices prepared by Plaintiff. Some of the amount referenced in this summary has been paid by Defendants, leaving a total amount due of $151,181.77.

13. Attached hereto as Exhibit B, and incorporated herein by this reference, is a copy of unpaid invoice No. 1173 dated May 3, 2007, for produce Plaintiff sold to Defendants.

14. Exhibit B is a representative sample of the outstanding invoices referenced in Exhibit A. The invoices contain the Perishable Agricultural Commodities Act ("PACA") trust language giving Defendants notice of Plaintiff's intent to assert its PACA trust rights until those invoices are paid in full, and each invoice contains interest and attorney's fees language in the event payments are not received and collection activity becomes necessary.

15. As a result of Defendants' failure to pay those invoices, Plaintiff now owes those amounts to farmers and suppliers in Mexico, causing Plaintiff's business significant financial hardship and difficulty for Plaintiff in satisfying those obligations.

### IV. CLAIMS FOR RELIEF

#### CLAIM I

(Enforcement of Payment from Trust – 7 U.S.C. § 499e(c))

16. Plaintiff repeats and realleges, as if fully set forth, the allegations contained in paragraphs 1 through 15.

17. Plaintiff is the trust beneficiary of a trust created by the Perishable Agricultural

3

**COMPLAINT FOR MONEY**

Commodities Act ("PACA"), 7 U.S.C. § 499e(c). Under the PACA, the seller of perishable commodities retains a trust claim over the commodities sold and any receivables or proceeds from the sale of those commodities until the seller receives full payment.

18. Defendants have refused and continue to refuse to pay Plaintiff for the produce invoices identified above, totaling $151,181.77 for produce Plaintiff actually delivered to Defendants' location in Los Angeles. Plaintiff therefore retains a trust claim over Defendants' assets in that amount.

19. Plaintiff preserved the benefits of the trust in accordance with 7 U.S.C. § 499e(c)(4). Each of the outstanding invoices contains the requisite trust language of that section, and each invoice was promptly delivered to Defendants upon their receipt, inspection, and approval of the produce.

20. Plaintiff has therefore been damaged in the amount of $151,181.77 related to the unpaid invoices and Defendants currently hold this amount in trust for the benefit of Plaintiff.

21. In addition to the amount above, Plaintiff seeks to recover its costs, attorney's fees, and interest, to the extent permitted by law, pursuant to the terms contained in each invoice, which memorialized the agreement between the parties.

## CLAIM II

(Violation of 7 U.S.C. § 499b)

22. Plaintiff repeats and realleges, as if fully set forth, the allegations contained in paragraphs 1 through 21.

23. Defendants violated 7 U.S.C. § 499b(4) by refusing to make payments to Plaintiff for produce Plaintiff actually delivered to Defendants, as set forth above. The unpaid invoices are connected to and arise out of the aforementioned perishable commodity transactions, and nonpayment constitutes unlawful and unfair conduct under the PACA.

24. Plaintiff has therefore been damaged in the amount of $151,181.77 related to the unpaid invoices.

25. In addition to the amount above, Plaintiff seeks to recover its costs, attorney's fees, and interest, to the extent permitted by law, pursuant to the terms contained in each invoice, which memorialized the agreement between the parties.

### CLAIM III

(Breach of Fiduciary Duty – as against Omar Awad and Jahangir Shahriari)

26. Plaintiff repeats and realleges, as if fully set forth, the allegations contained in paragraphs 1 through 25.

27. Plaintiff is informed and believes and thereon alleges that Defendants Omar Awad and Jahangir Shahriari at all relevant times were in a position at Vegas Connection, Inc. to control the PACA trust assets referenced above, and breached their fiduciary duty by failing to preserve those assets for Plaintiff's benefit. The PACA imposes personal liability against individuals who use the trust assets for any purpose other than repayment of the supplier. Plaintiff is informed and believes that these Defendants used the trust assets for purposes other than repayment of the amounts owed on the invoices referenced herein.

28. As a direct result of Omar Awad's and Jahangir Shahriari's breach of fiduciary duty as the trustees of those assets, Plaintiff has been damaged in the amount of $151,181.77.

29. In addition to the amount above, Plaintiff seeks to recover its costs, attorney's fees, and interest, to the extent permitted by law, pursuant to the terms contained in each invoice, which memorialized the agreement between the parties.

### CLAIM IV

(Breach of Contract – Unpaid Bills of Lading/Invoices)

30. Plaintiff repeats and realleges, as if fully set forth, the allegations contained in paragraphs 1 through 29.

31. Plaintiff and Defendant Vegas Connection entered into various contracts for the delivery of produce to Defendant's place of business in Los Angeles, as indicated above. The

specific contracts Defendant breached are represented by bills of lading for each produce shipment and by the unpaid invoices referenced above, totaling $151,181.77.

32. The contracts were formed when Plaintiff, typically one or two days before delivery, informed Defendant of the market rate for the produce it wanted delivered. If Defendant was agreeable to that rate and quantity, Plaintiff purchased the produce and had it delivered to Defendant's location.

33. The terms of each contract are spelled out in each invoice, with payment to Plaintiff typically due no later than seven (7) days after deliveries were completed.

34. Defendant accepted the produce referenced in each unpaid invoice and Plaintiff is in possession of a bill of lading for each invoice signed by Defendant as received.

35. Plaintiff did all, or substantially all, of the significant things that the contracts required it to do. Specifically, Plaintiff acquired the quantity and quality of produce Defendant ordered, and promptly delivered said produce to Defendant as agreed. All of the conditions for Defendant's performance have occurred. Defendant breached the contracts by failing to pay on or before the due dates, and by continuing, to this day, to refuse to pay those amounts.

36. Plaintiff has therefore been damaged in the amount of $151,181.77.

37. In addition to the amount above, Plaintiff seeks to recover its costs, attorney's fees, and interest, to the extent permitted by law, pursuant to the terms contained in each invoice, which memorialized the agreement between the parties.

## CLAIM V
(Open Book Account)

38. Plaintiff repeats and realleges, as if fully set forth, the allegations contained in paragraphs 1 through 37.

39. In or about June and July 2007, Plaintiff created and delivered to Defendants in writing a book account showing that Defendants are indebted to Plaintiff in the amount of $151,181.77 for produce Plaintiff sold and delivered to Defendant Vegas Connection. At the

6

**COMPLAINT FOR MONEY**

1  same time, Plaintiff delivered additional copies of all outstanding invoices to Defendants which
2  reflects the amount demanded herein.

3      40.    Neither the whole sum nor any part of the book account has been paid, although
4  demand has been made for its payment, and Defendants have repeatedly promised payment. Said
5  book account and invoices constitute the principal record of transactions between Plaintiff and
6  Defendants.

7      41.    Consequently, there is now due, owing and unpaid from Defendants the sum of
8  $151,181.77.

9      42.    In addition to the amount above, Plaintiff seeks to recover its costs, attorney's
10  fees, and interest, to the extent permitted by law, pursuant to the terms contained in each invoice,
11  which memorialized the agreement between the parties.

## CLAIM VI

(Quantum Meruit)

14      43.    Plaintiff repeats and realleges, as if fully set forth, the allegations contained in
15  paragraphs 1 through 42.

16      44.    Between January and June 2007 Plaintiff rendered services to Defendants as a
17  licensed seller of perishable produce under the PACA, and delivered goods to Defendants in the
18  form of said perishable produce.

19      45.    The reasonable value of the goods and services rendered by Plaintiff on account of
20  Defendants, and each of them, is, and at all relevant times herein mentioned was, the sum of
21  $151,181.77.

22      46.    Neither the whole sum nor any part of the sum has been paid, although demand
23  has been made for its payment, and Defendants, and each of them, have repeatedly promised
24  payment.

25      47.    There is now due, owing and unpaid from Defendants, and each of them, to
26  Plaintiff this sum, plus costs, attorney's fees, and interest, to the extent permitted by law,

COMPLAINT FOR MONEY

pursuant to the terms contained in each invoice, which memorialized the agreement between the parties.

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. Damages in the amount of $151,181.77;
2. Pre-judgment interest;
3. Attorney's fees;
4. Costs of suit; and
5. For such other relief as the Court deems proper.

DATED: August 8, 2007            GREENE, CHAUVEL, DESCALSO & MINOLETTI

BY: _____
RONALD C. CHAUVEL
BRANDON L. REEVES
Attorneys for Plaintiff

COMPLAINT FOR MONEY

Jul 18 07 01:14p                                                                                          p.1

12:51 PM
07/18/07

# De Sol Corp.
## Statement
### As of July 6, 2007

| Type | Date | Num | P.O. # | Terms | Due Date | Aging | Open Balance |
|---|---|---|---|---|---|---|---|
| Invoice | 01/15/2007 | 1009S | | Due 7 | 01/22/2007 | 165 | 3,441.40 |
| Invoice | 03/04/2007 | 1049 | | DUE 7 | 03/11/2007 | 117 | 4,192.50 |
| Invoice | 03/14/2007 | 1062 | | DUE 7 | 03/21/2007 | 107 | 610.40 |
| Invoice | 03/21/2007 | 1076 | | DUE 7 | 03/28/2007 | 100 | 126.00 |
| Invoice | 05/03/2007 | 1173 | | DUE 7 | 05/10/2007 | 57 | 11,327.15 |
| Invoice | 05/04/2007 | 1189 | | DUE 7 | 05/11/2007 | 56 | 2,940.00 |
| Invoice | 05/07/2007 | 1178 | | DUE 7 | 05/14/2007 | 53 | 3,717.00 |
| Invoice | 05/07/2007 | 1179 | | DUE 7 | 05/14/2007 | 53 | 15,052.14 |
| Invoice | 05/09/2007 | 1208 | | DUE 7 | 05/16/2007 | 51 | 10,621.51 |
| Invoice | 05/09/2007 | 1209 | | DUE 7 | 05/16/2007 | 51 | 7,980.00 |
| Invoice | 05/14/2007 | 1217 | | DUE 7 | 05/21/2007 | 46 | 3,150.00 |
| Invoice | 05/14/2007 | 1224 | | DUE 7 | 05/21/2007 | 46 | 17,497.77 |
| Invoice | 05/16/2007 | 1225 | | DUE 7 | 05/23/2007 | 44 | 10,166.00 |
| Invoice | 05/16/2007 | 1238 | | DUE 7 | 05/23/2007 | 44 | 1,295.00 |
| Invoice | 05/23/2007 | 1277 | | DUE 7 | 05/30/2007 | 37 | 647.50 |
| Invoice | 05/23/2007 | 1368 | | DUE 7 | 05/30/2007 | 37 | 3,089.50 |
| Invoice | 05/25/2007 | 1281 | | DUE 7 | 06/01/2007 | 35 | 17,745.39 |
| Invoice | 05/25/2007 | 1319 | | DUE 7 | 06/01/2007 | 35 | 9,404.00 |
| Invoice | 05/25/2007 | 1321 | | DUE 7 | 06/01/2007 | 35 | 6,253.95 |
| Invoice | 05/28/2007 | 1257 | | DUE 7 | 06/04/2007 | 32 | 4,996.95 |
| Invoice | 05/28/2007 | 1348 | | DUE 7 | 06/04/2007 | 32 | 3,885.00 |
| Invoice | 05/29/2007 | 1328 | | DUE 7 | 06/05/2007 | 31 | 1,942.50 |
| Invoice | 06/04/2007 | 1391 | | DUE 7 | 06/11/2007 | 25 | 2,268.00 |
| Invoice | 06/05/2007 | 1364 | | DUE 7 | 06/12/2007 | 24 | 8,648.00 |
| Invoice | 06/11/2007 | 1450 | | DUE 7 | 06/18/2007 | 18 | 546.00 |
| Invoice | 6/11/2007 | 287903 | | DUE 7 | 06/18/2007 | 18 | 1,740.00 |
| Total VEGAS CONECCTION | | | | | | | 153,283.66 |
| TOTAL | | | | | | | 153,283.66 |

EXHIBIT "A"

Page 1 of 1

## De Sol Corp.

235 3rd Ave., Suite No.203
San Mateo, CA 94002-4402
562.652.6447 Telephone
650.342.7429 Fax

# Invoice

| Bill To |
|---|
| VEGAS CONECCTION<br>800 McGarry St #4<br>Los Angeles CA 90021 |

| Date | Invoice # |
|---|---|
| 5/3/2007 | 1173 |

| P.O. Number | Terms | Ship | Via | Due Date |
|---|---|---|---|---|
|  | DUE 7 | 5/3/2007 | SEVERO | 5/10/2007 |

| Cases | Quantity | Class | Description | Price | Amount |
|---|---|---|---|---|---|
| 304 | 5,864 | 764S | MILPERO, HUSK TOMATILLO MINI | 0.35 | 2,052.40 |
| 25 | 597 | 764S | MEXICAN CANDY(DULCE MEXICANO) | 1.80 | 1,074.60 |
| 10 | 290 | 764S | CAMOTE DE MIEL | 1.50 | 435.00 |
| 576 | 576 | 764S | GREEN UNION(CEBOLLITA MEXICANA) | 5.25 | 3,024.00 |
| 176 | 4,367 | 764S | BANANA LEAF(HOJA PLATANO) | 0.65 | 2,838.55 |
| 50 | 50 | 764S | CHAYOTE SPIKE (CHAYOTE ESPINA) | 12.00 | 600.00 |
| 49 | 2,171 | 764S | XOCONOZTLE | 0.60 | 1,302.60 |
| 10 | 10 | 764S | CACTUS LEAF(FRESH) | 0.00 | 0.00 |

EXHIBIT "B"

All claims and returned goods MUST be made within 24 hrs, accompanied by the bills.
Past due accounts subject to interest charges of 1 1/2% per month, maximum 18% per annum.
Buyers agrees to pay reasonable collectio cost, reasonable attorney fees ans actual court costs
if such be incurred in the collection of this account. The perishable agricultural commodities
listed on the invoice are sold subject to the statutory trut authorized by section 5c of the
Perishable Agricultural Commodities Act 1930 (7 U.S.C 499e). The seller of these commodities
retains a trust claim over these commodities, all inventories of food or other products derived
from these commodities, and any receivabes or proceeds from the sales of these commodities until
full payment is received.

**Total** $11,327.15