1  John B. Richards, SBN 175882
   **LAW OFFICES OF JOHN B. RICHARDS**
2  137 E. Anapamu Street
   Santa Barbara, CA 93101
3  Tel: 805/683-2736

4  Attorney For Defendants and Counter-Claimants,
   **Vegas Connection, a California Corporation, Omar**
5  **Awad, an individual, Jahangir Shahriari, an individual**

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        (Oakland Division)

11 DE SOL CORP., INC.  a California      )    Case No.: C07 4107 SBA
   corporation                          )
12                                       )    RE-NOTICE OF MOTION AND
                                        )    TO TRANSFER FOR IMPROPER
13             Plaintiff                 )    VENUE [28 USC §1406(a)]; OR IN
                                        )    THE ALTERNATIVE TO
14 vs.                                   )    TRANSFER FOR CONVENIENCE
                                        )    [28 USC §1404(a)]
15                                       )
   Vegas Connection, Inc., a            )
16 California corporation; Omar          )
   Awad, an individual; Jahangir        )
17 Shahriari, an individual,             )    Date:        December 18, 2007
                                        )    Time:        1:00 P.M.
18                                       )    Location:    Courtroom 3, 3rd Floor
             Defendants.                 )
19 _____)

20      TO PLAINTIFF DE SOL CORP., INC. AND ITS ATTORNEYS OF

21 RECORD:

22      PLEASE TAKE NOTICE THAT ON December 18, 2007, or as soon

23 thereafter as the matter may be heard in the United States District Court, Northern

24 District Of California, located at 1301 Clay Street, Courtroom 400 South,

25 Oakland, California, 94612, the Defendants will and hereby do move pursuant to

26 28 USC §1406(a) to transfer this action to the United States District Court's

27 Central District, Western Division in Los Angeles, California on the ground that

28 venue in this action in improper; or in the alternative, to transfer to the said district

1  for convenience of parties and witnesses under 28 USC §1404(a).

2      This motion is based on this Notice on Motion, the Memorandum of Points

3  and Authorities and the Declaration of Jahangir Shahriari, filed and served

4  herewith, and upon the papers, records and pleadings on file herein.

5  Dated: October 15, 2007          LAW OFFICE OF JOHN B. RICHARDS

6

7                                   _____

8                                   Attorneys For Defendants VEGAS
                                    CONNECTION, INC., OMAR AWAD, and
                                    JAHANGIR SHAHRIARI

9  ///

10 ///

11         **MEMORANDUM OF POINTS AND AUTHORITIES**

12     **1.    Introduction**

13     Defendant VEGAS CONNECTION, INC. ("Vegas Connection") is a

14 California corporation located at 800 McGarry Street, #4, Los Angeles, California,

15 in close proximity to the Los Angeles Produce Market.  Vegas Connection owns

16 and operates a perishable produce business which receives all of its produce at

17 above-referenced address.

18     Defendant Omar Awad ("Awad") is an individual residing in Los Angeles,

19 California.  Awad is one of two individuals who own Vegas Connection.

20     Defendant Jahangir Shahriari("Shahriari") is an individual residing in

21 Glendale, California.  Shahriari is President of Vegas Connection and one of two

22 individuals who own Vegas Connection.

23     In or about late December, 2006, Defendants were approached by Mr.

24 Roberto Alvaro ("Alvaro"), Mr. Jose Antonio Gonzales ("Tony"), and Mr. Andres

25 Perez ("Boracho") and asked if Defendants would be interested in obtaining

26 produce from farmers in Mexico for resale through Defendants' business at the

27 Los Angeles Produce Market.  (Shahriari Declaration, pg. 2, lns. 15-19)  Alvaro

28 explained that in order to have access to said produce, Defendants would have to

1  agree to: 1) lease a separate warehouse and receiving dock for the produce shipped

2  from Mexico; and 2) employ Tony and Boracho to receive, transport and sell the

3  produce to Defendants' customers, and then to collect the money for such sales

4  from Defendants' customers.  (Shahriari Declaration, pg. 2, lns. 19-23)

5  Defendants agreed to this arrangement on the condition that Alvaro, Tony and

6  Boracho agree to credit Vegas Connection' account payable for the value of all

7  produce that is either rejected or dumped.  (Shahriari Declaration, pg. 2, lns. 23-

8  26)

9       At no time between December, 2006 and early May, 2007 did Alvaro, Tony,

10 or Boracho ever divulge that they were associated in any way with a San Francisco

11 company named De Sol.  (Shahriari Declaration, pg. 2, ln. 27 to pg. 3, ln. 1)  The

12 first time Defendants learned of the existence of a San Francisco company named

13 De Sol was in early May, 2007 when they first received an invoice from said

14 company for the first time.  (Shahriari Declaration, pg. 3, lns. 1-3)

15      At no time between December, 2006 and early May, 2007 did Alvaro or

16 Tony every explain that Alvaro was married to Tony's sister.  (Shahriari

17 Declaration, pg. 3, lns. 4-5)  Similarly, at no time did Alvaro ever explain that they

18 had previously engaged in any business with Rey & Rey Produce, nor did Alvaro

19 ever explain that he was involved in any way in litigation with Rey & Rey

20 Produce, said litigation having commenced via the filing of an informal complaint

21 with the United Sates Department of Agriculture on December 21, 2006.

22 (Shahriari Declaration, pg. 3, lns. 5-10)

23      The first payment made by Defendants for any produce received was made

24 on January 12, 2007 in the form of a Vegas Connection company check made

25 payable to Alvaro personally.  (Shahriari Declaration, pg. 3, lns. 11-13) Alvaro

26 personally picked-up this check at Defendants' place of business in Los Angeles,

27 California.  (Shahriari Declaration, pg. 3, lns. 13-14)

28      Between January 19, 2007 and April 16, 2007, Defendants made all

**RE-NOTICE OF MOTION AND MOTION TO TRANSFER FOR IMPROPER VENUE
OR IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE**

1  payments (13 payments totaling $527,078.46) ) for produce received from the

2  Mexican farmers by wiring the funds directly from Defendants' bank account at

3  Bank Of America to a Mr. Cruz Irene Zamora's bank account in Mexico (account

4  #4022771679).  (Shahriari Declaration, pg. 3, lns. 15-19)

5       The first invoice Defendants received from De Sol Corp. was in late April,

6  2007.  (Shahriari Declaration, pg. 3, lns. 20-21)  On or about May 1, 2007

7  Defendants wrote a check for the first time to De Sol Corp. in the amount of

8  $32,381.83, and hand-delivered this check to Tony in Los Angeles.  (Shahriari

9  Declaration, pg. 3, lns. 21-23)

10      The amount claimed by Plaintiff to be owed by Defendants ($151,181.77) is

11  approximately twice the amount actually owed by Defendants to Plaintiff.

12  (Shahriari Declaration, pg. 3, lns. 24-26)  Defendants believe this discrepancy is

13  the result of a scam/fraud and/or conspiracy perpetrated by Plaintiff, Tony and

14  Boracho in this matter.  (Shahriari Declaration, pg. 3, lns. 26-27)

15      Shahriari has reviewed the following two documents in detail: 1) The

16  Declaration Of Manuel Reynoso In Support Of Defendants' Opposition To

17  Plaintiff Ex Parte Application For Right To Attach Order; and 2) Respondent Rey

18  & Rey Produce SFO, Inc.'s Answer To Formal Complaint With Affirmative

19  Defenses And Counterclaim.  (Shahriari Declaration, pg.3, ln. 28 to pg. 4, ln. 4)

20  Based on his review of these documents he is convinced that the scam perpetrated

21  by Alvaro against Rey & Rey Produce is the identical scam perpetrated by

22  Alvaro's brother-in-law Tony and his friend Boracho against Vegas Connection.

23  (See Shahriari Declaration, pg. 4, lns. 4-7)

24      Defendants are in the process of reconstructing each and every transaction

25  entered into between Tony and/or Boracho and Defendants' customers.  (Shahriari

26  Declaration, pg. 5, lns. 15-16)  In order to do this, Defendants are contacting each

27  of their customers and asking them to produce documentation for all produce sold

28  to them and all monies paid by Vegas Connection's customers for the calendar

1   year 2007.  (Shahriari Declaration, pg. 5, lns. 16-19)  To date Defendants have

2   spoken to numerous customers who claim to have paid money to Tony and/or

3   Boracho for produce received and yet there is no indication in our records that

4   such money was ever paid to Vegas Connection by Tony and/or Boracho.

5   (Shahriari Declaration, pg. 5, lns. 19-22)  One of these people is named Artemio

6   Gomez and he resides in Whittier, California, a suburb of Los Angeles County.

7   (Shahriari Declaration, pg. 5, lns. 22-24)  Another such person is Serafin

8   _____ and he resides in Los Angeles, County as well.  (Shahriari

9   Declaration, pg. 5, lns. 24-25)

10      Defendants have also spoken with certain people who regularly worked in

11  the vicinity of the warehouse Defendants leased for Tony and/or Boracho who will

12  testify to having seen Tony and/or Boracho discard large amounts of produce.

13  (Shahriari Declaration, pg. 5, ln. 26 to pg. 6, ln. 1)  This revelation is particularly

14  bothersome give that the documentation provided by Tony and/or Boracho does

15  not reflect the disposal of any produce.  (Shahriari Declaration, pg. 6, lns. 1-5)

16  One of these people is named Jose Palasios and he resides in Los Angeles,

17  California.  (Shahriari Declaration, pg. 6, lns. 3-4)  Another such person is named

18  Habib Blashka and he too resides in Los Angeles, California.  (Shahriari

19  Declaration, pg. 6, lns. 4-5)

20      Virtually all of the witnesses Defendants intend to call in this case, some of

21  which are Defendants' employees, all reside in Los Angeles County.  (Shahriari

22  Declaration, pg. 6, lns. 6-7)  It would not only be extremely inconvenient, but also

23  an extreme hardship for all of these (and other) witnesses to travel to San

24  Francisco to testify in this matter.  (Shahriari Declaration, pg. 6, lns. 7-9)

25  Similarly, virtually all of the transactions the form the basis of this dispute

26  transpired in Los Angeles County.  (Shahriari Declaration, pg. 6, lns. 9-10)  For

27  these reasons, a trial in the Northern District of California would result in a clear

28  imbalance of inconvenience to these Defendants and their witnesses.  (Shahriari

1   Declaration, pg. 6, lns. 10-12)

2       The only relationship this case has with San Francisco is the fact that

3   Defendants received invoices from De Sol's San Francisco office and beginning in

4   May, 2007 Defendants began to ship produce to some of Alvaro's San Francisco

5   customers.  (Shahriari Declaration, pg. 6, lns. 13-15) All checks relating to these

6   invoices were hand delivered to Tony in Los Angeles, California at the request of

7   Alvaro.  (Shahriari Declaration, pg. 6, lns. 15-17)  No checks were ever mailed to

8   De Sol's San Francisco office.  (Shahriari Declaration, pg. 6, ln. 17)

9       Similarly, all of the accounting records and bank records are located in Los

10  Angeles County.  (Shahriari Declaration, pg.    , lns.    )

11      Finally, it would be in the interest of justice and judicial economy to

12  consolidate this case with the Rey & Rey matter in Los Angeles County once their

13  motion to dismiss has been adjudicated.  (Shahriari Declaration, pg. 6, lns. 18-19)

14      **2.    Legal Argument**

15      A.    <u>The Venue Chosen By Plaintiff In This Matter Is Improper And</u>

16  <u>For This Reason This Action Should Be Transferred To The U.S. District Court's</u>

17  <u>Central District Located In Los Angeles, California</u>.

18      In federal question cases, venue is proper in the following districts (and no

19  others): [28USC §1391(b) (amended 1990)]

20      a.    If all defendants reside in the same state, a district where any

21  defendant resides [28 USC §1391(b)(1)]; OR

22      b.    A district in which "a substantial part of the events or omissions" on

23  which the claim is based occurred [28 USC §1391(b)(2)]; OR

24      c.    If there is no district in which the action may otherwise be brought,

25  the district "in which any defendant may be found" [28 USC §1391 (b)(3).

26      In this case, all defendants reside in the same judicial district, otherwise

27  known as the U.S. District Court's Central District in Los Angeles California

28  (Shahriari Decl, pg. 2, lns. 13-14 and pg. 6, lns. 6-7).  For this reason, the only

**RE-NOTICE OF MOTION AND MOTION TO TRANSFER FOR IMPROPER VENUE
OR IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE**

1  basis upon which Plaintiff can possible contend that venue is proper in the U.S.

2  District Court's Northern District in San Francisco California, is to argue that a

3  substantial part of the events or omissions occurred in said district.  However this

4  argument too must fail for the following reasons.

5  In determining whether venue is proper under §1391(a)(2), only those

6  events and omissions that directly give rise to the claim are relevant. [Jenkins

7  Brick Co. V. Bremer (11th Cir. 2003) 321 F3d 1366, 1372].  In order for the

8  Plaintiff in this case to properly establish venue in San Francisco, Plaintiff must

9  demonstrate the San Francisco has a relatively equal connection with the dispute

10  compared with Los Angeles. [See First of Mich. Corp. V. Bramlet (6th Cir. 1998)

11  141 F3d 260, 264; TruServ Corp. v. Nen (ND IL 1998) 6 F.Supp.2d 790, 792]

12  Furthermore, in determining where a "substantial part" of the "events or

13  omissions" occurred, most courts look "not to a single 'triggering event'

14  prompting the action, but to the *entire sequence of events* underlying the claim."

15  [Uffner v. La Reunion Francaise, S.A. (1st Cir. 2001) 244 F3d 38, 42 (emphasis

16  added) First of Mich. Corp. V. Bramlet, supra, 141 F3d at 263]

17  "The substantiality of the operative events is determined by assessment of

18  their ramifications for *efficient conduct of the suit*..." [Lamont. v. Haig (DC Cir.

19  1978) 590 F2d 1124, 1134 (emphasis added); Myers v. Bennett Law Offices (9th

20  Cir. 2001) 238 F3d 1068, 1076).  The following factors would be relevant in

21  determining where a "substantial part" of the events or omissions occurred in

22  contract actions: 1) where the negotiations took place, where the contract was

23  signed, where performance or breach occurred; or 2) the place where the parties

24  acted or were engaged in business. [See Bates v. C & S Adjusters, Inc. (2nd Cir.

25  1992) 980 F2d 865, 867; Myers v. Bennett Law Offices, supra, 238 F3d at 1076;

26  Jenkins Brick Co. v. Bremer (11th Cir. 2003) 321 F3d 1366, 1371]

27  In this case, all negotiations took place in Los Angeles, California at a time

28  when Defendants were totally unaware of any connection between the business

**RE-NOTICE OF MOTION AND MOTION TO TRANSFER FOR IMPROPER VENUE
OR IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE**

they conducted with Alvaro, Tony and/or Boracho and San Francisco. (Shahriari Decl., pg. 2, ln. 15 through pg. 3, ln. 3)

Although there is no single contract that sets forth all of the parties' rights and obligations, all of the accounting records and bank records are located in Los Angeles, California (Shahriari Decl, pg. 6, lns. 18-19).

Performance of the parties' agreement took place almost exclusively in Los Angeles as well. That is, all shipments of produce were received exclusively in Los Angeles (Shahriari Decl., pg. 2, lns. 15-26) and all payments for said produce were made by either wiring the funds directly from Los Angeles to Mexico (Shahriari Decl, pg. 3, lns. 15-19) or by hand-delivering checks directly to Tony in Los Angeles (Shahriari Decl., pg. 6, lns. 15-17) It is important to note that no checks were ever mailed to De Sol's San Francisco office. (Shahriari Decl., pg. 6, ln. 17)

With respect to where the breach occurred, Defendants insist that they (like Rey & Rey Produce) never breached an agreement with Plaintiff. On the other hand, Defendants' future cross-complaint will detail numerous breaches (fraud, conspiracy, concealment, forgery, theft, embezzlement among many others) by Alvaro, Tony and/or Boracho, all of which occurred in Los Angeles. (Shahriari Decl., pg. 4, ln. 4 through pg. 6, ln. 3).

With respect to the place where the parties acted or were engaged in business, Defendants' acted only in Los Angeles, California where their only offices are located. (Shahriari Decl., pg. 2, lns. 12-14) Defendants are informed and believe that Plaintiff also operated out of offices in Los Angeles during and throughout the time the parties did business together.

For all of the reasons set forth above, Defendants submit that venue in the case is improper in the U.S. District Court's Northern District in San Francisco and for this reason, this case should be transferred to the U.S. District Court's Central Division in Los Angeles.

1
2
3

      B.   <u>For Convenience of parties, witnesses and in the interest of justice, this court should transfer this case to the U.S. District Court's Central Division in Los Angeles</u>.

4
5
6
7
8

"For convenience of parties, witnesses and in the interest of justice the court may transfer an action "to any other district or division where it might have been brought." [28 USC §1404(a)]  The three general factors identified pursuant to 28 USC §1404(a) are: 1) convenience of parties; 2) convenience of witnesses; and 3) interest of justice.

9
10
11
12
13
14
15
16
17
18

As set forth above, all of the Defendants (two individuals and one corporate Defendant) in this matter reside in Los Angeles and for this reason the adjudication of this dispute would be far more convenient if this action were transferred to Los Angeles.  Furthermore, the monetary expense and difficulty entailed in litigating this matter in San Francisco would be tremendous.  On the other hand, Defendants are informed and believe that Plaintiff (a corporate Defendant) maintained an office in Los Angeles during and throughout the operative time frame (January - June, 2007) in this case, and as such it would not be unfair or inconvenient to require Plaintiff to adjudicate this dispute in Los Angeles.

19
20
21
22
23
24
25
26
27
28

The convenience of witnesses is often the most important factor to be considered. [Federal Civil Procedure Before Trial, Ch. 4, pg. 86 (4:733)]  In this case, virtually all of the witnesses reside in Los Angeles.  This would include the three named Defendants in addition to Vegas Connection's employees and the percipient witnesses identified to date by Defendants.  (Shahriari Decl., pg. 5, ln. 19 to pg. 6, ln. 9) As set forth in Shahriari's declaration, (Ibid.) these percipient witnesses will testify as to having witnessed Tony and/or Boracho throwing away vast amounts of produce.  This is crucial evidence that is relevant to Defendants' claim that Tony and/or Boracho intentionally discarded produce without accounting to Vegas Connection for the produce they threw away.  It would be an

1  extreme hardship for any of these witnesses (and others that are still being

2  identified) to have to travel to San Francisco to testify in this case.

3          Similarly, these percipient witnesses will also testify as to the amounts of

4  money given to Tony and/or Boracho by customers that were never paid to Vegas

5  Connection.  This evidence is relevant to Defendants' claim that Tony and/or

6  Boracho stole money that was given to them by Vegas Connection's customers.  It

7  would be an extreme hardship for any of these witnesses (and others that are still

8  being identified) to have to travel to San Francisco to testify in this case.

9          Finally, the requested transfer in this case would also achieve the goal of

10 judicial economy and prevent waste of time and money because this action could

11 then be consolidated with the Rey & Rey case which in turn would allow these

12 related claims to be resolved in a single action. [Van Dusen v. Barra (1964) 376

13 US 612, 616, 84 S.Ct. 805, 809; See Republic of Bolivia v. Philip Morris Cos.,

14 Inc. (SC TX 1999) 3F.Supp.2d 1008, 1009-1010; Posven, C.A. v. Liberty Mut.

15 Ins. Co. (SD NY 2004) 303 F.Supp.2d 391, 406] [See also the Declaration of

16 Attorney Bart Botta, pg. 2, lns. 3-17]

17         For the foregoing reasons, Defendants insist that a trial in the district where

18 the action is currently pending will result in a clear balance of inconveniences to

19 Defendants. [Harris Trust & Savings Bank v. SLT Warehouse Co., Inc. (ND IL

20 1985) 60 F.Supp., 225, 227]  For this reason, Defendants submit that this case

21 should be transferred to the U.S. District Court's Central District in Los Angeles.

22 October 15, 2007                    **LAW OFFICE OF JOHN B. RICHARDS**

23

24                                      _____

25                                      **John B. Richards, Attorney For**
                                       **Defendants**

26

27

28