John B. Richards, SBN 175882
**LAW OFFICES OF JOHN B. RICHARDS**
137 E. Anapamu Street
Santa Barbara, CA 93101
Tel: 805/683-2736

Attorney For Defendants and Counter-Claimants,
**Vegas Connection, a California Corporation, Omar Awad, an individual, Jahangir Shahriari, an individual**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(Oakland Division)

| | |
|---|---|
| DE SOL CORP., INC. a California corporation,<br><br>Plaintiff<br><br>vs.<br><br>Vegas Connection, Inc., a California corporation; Omar Awad, an individual; Jahangir Shahriari, an individual,<br><br>Defendants. | Case No.: C07 4107<br><br>DECLARATION OF JAHANGIR SHAHRIARI IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER FOR IMPROPER VENUE [28 USC §1406(a)]; OR IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE [28 USC §1404(a)]<br><br>Date:     December 18, 2007<br>Time:    1:00 p.m.<br>Location: Courtroom 3, 3rd Floor |

I, JAHANGIR SHAHRIARI, declare as follows:

1. I currently am, and during all the times mentioned in this declaration was, one of the two owners, and President of Defendant VEGAS CONNECTION, INC. ("Vegas Connection").

2. I make this declaration in support of Defendants' Motion To Transfer For Improper Venue Or In The Alternative To Transfer For Convenience.

3. I am personally familiar with all matters that are the subject of this declaration and the facts set forth in this declaration are within my personal knowledge. If called as a witness, I would and could competently testify to all

**DECLARATION OF JAHANGIR SHAHRIARI IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER FOR IMPROPER VENUE OR IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE**

1

facts stated herein.

4. I have custody and control of the business records of Defendants as they relate to Plaintiff herein, and I am thoroughly familiar with the manner in which these records are compiled. I have personal knowledge of the duties of Defendants' employees and the record keeping method used by these employees who, in addition to myself, are responsible for the business records as they relate to the matters herein stated.

5. Defendants' business records referred to in this declaration were prepared and kept by Defendants in the ordinary course of business. The entries made in such business records were made at or near the time of the occurrences of the events of which they are a record. The business records are, in all instances, kept in a safe and secure location, and all of said business records were made by persons who had a business duty to Defendants to make such records.

6. Defendants are in the business of buying and selling perishable agricultural commodities. Defendants' only offices are located in Los Angeles, California.

7. Defendants were approached in late December, 2006 by Roberto Alvaro ("Alvaro"), Jose Antonio Gonzales ("Tony"), and Andres Perez ("Boracho") and asked if Defendants would be interested in obtaining produce from farmers in Mexico for resale through Defendants' business at the Los Angeles Produce Market. Alvaro explained that in order to have access to said produce, Defendants would have to agree to: 1) lease a separate warehouse and receiving dock for the produce shipped from Mexico; and 2) employ Tony and Boracho to receive, transport and sell the produce to Defendants' customers, and then to collect the money for such sales from Defendants' customers. Defendants agreed to this arrangement on the condition that Alvaro, Tony and Boracho agree to credit the value of all produce that is either rejected or dumped to Vegas Connection' account payable.

**DECLARATION OF JAHANGIR SHAHRIARI IN SUPPORT OF DEFENDANTS'**
**MOTION TO TRANSFER FOR IMPROPER VENUE OR IN THE**
**ALTERNATIVE TO TRANSFER FOR CONVENIENCE**

2

8. At no time between December, 2006 and early May, 2007 did Alvaro, Tony, or Boracho ever divulge that they were associated in any way with a San Francisco company named De Sol Corp. ("De Sol"). The first time Defendants learned of the existence of a San Francisco company named De Sol was in early May, 2007 when they first received an invoice from said company.

9. At no time between December, 2006 and early May, 2007 did Alvaro or Tony every explain that Alvaro was married to Tony's sister. Similarly, at no time did Alvaro ever explain that they had previously engaged in any business with Rey & Rey Produce, nor did Alvaro ever explain that he was involved in any way in litigation with Rey & Rey Produce, said litigation having commenced via the filing of an informal complaint with the United Sates Department of Agriculture on December 21, 2006.

10. The first payment made by Defendants for any produce received was made on January 12, 2007 in the form of a company check made payable to Alvaro personally. Alvaro personally picked-up this check at Defendants' place of business in Los Angeles.

11. Between January 19, 2007 and April 16, 2007, Defendants made all payments (13 payments totaling $527,078.46) for produce received from the Mexican farmers by wiring the funds directly from Defendants' bank account at Bank Of America to a Mr. Cruz Irene Zamora's bank account in Mexico (account #4022771679).

12. The first invoice Defendants received from De Sol was in late April, 2007. On or about May 1, 2007 Defendants wrote the first check to De Sol Corp. in the amount of $32,381.83 and this check was handed to Tony at the request of Alvaro.

13. The amount claimed by Plaintiff to be owed by Defendants ($151,181.77) is approximately twice the amount actually owed by Defendants to Plaintiff. Defendants believe this discrepancy is the result of a scam, fraud and/or

**DECLARATION OF JAHANGIR SHAHRIARI IN SUPPORT OF DEFENDANTS'
MOTION TO TRANSFER FOR IMPROPER VENUE OR IN THE
ALTERNATIVE TO TRANSFER FOR CONVENIENCE**

3

1  conspiracy perpetrated by Plaintiff, Tony and Boracho in this matter.

2      14.    I have reviewed the following two documents in detail: 1) The Declaration Of Manuel Reynoso In Support Of Defendants' Opposition To Plaintiff Ex Parte Application For Right To Attach Order; and 2) Respondent Rey & Rey Produce SFO, Inc.'s Answer To Formal Complaint With Affirmative Defenses And Counterclaim.  Based on my review of these documents I am convinced that the scam perpetrated by Alvaro against Rey & Rey Produce is the identical scam perpetrated by Alvaro's brother-in-law Tony and his friend Boracho against our company Vegas Connection.

    15.    Defendants believe that Alvaro, Tony and/or Boracho have also forged and/or created false documents in our case as well.  More specifically, counsel for De Sol provided our counsel with four invoices (attached hereto as Exhibit "A") dated 1/15/07, 3/4/07, 3/14/07 and 3/21/07 that Defendants have never seen before.  Defendants believe these invoices were created in order to trick this court into believing that Defendants were doing business with De Sol prior to early May, 2007.  If Defendants had in fact received these invoices at or about the dates they purport to have been created, Defendants would have written checks directly to De Sol as Defendants did beginning in May, 2007.

    16.    More specifically, I believe that Tony and Boracho made purchases of produce from De Sol Corp, Inc. and other sources without our knowledge or consent and then resold these perishable commodities on behalf of Vegas Connection to: 1) customers at prices far below the prices that Vegas Connection had paid for the produce; 2) non-existent customers; 3) customers with no intention of paying for the produce; and 4) customers that were in reality either Plaintiff and/or his friends or relatives, once again with no intention of paying for the produce, all done at the expense of Vegas Connection.

    17.    Tony and Boracho's self-dealing and unauthorized actions were done with malice and in willful disregard for their duties and obligations to Vegas

**DECLARATION OF JAHANGIR SHAHRIARI IN SUPPORT OF DEFENDANTS'
MOTION TO TRANSFER FOR IMPROPER VENUE OR IN THE
ALTERNATIVE TO TRANSFER FOR CONVENIENCE**

4

Connection to act in good faith and in Vegas Connection's best interests as employees of Vegas Connection. Furthermore, Tony and Boracho's actions were an explicit breach of their fiduciary duties to Vegas Connection.

18.   In addition, Tony and Boracho made unauthorized expenditures of Vegas Connection's money, contracted with other parties without authorization, and collected monies from Vegas Connection's customers without authorization and without remitting these monies back to Vegas Connection once they obtained it from Vegas Connection's customers.

19.   Furthermore, the produce received by Vegas Connection was defective in that they were not the kind, grade or quality that they hade been represented to be.   It was only after a complete review of Tony and Boracho's transactions that it became apparent that they had failed to obtain produce of the quality and grade promised and also that Tony and Boracho had breached their fiduciary duties to Vegas Connection, and had been self-dealing, resulting in great loss to Vegas Connection.

20.   Defendants are in the process of reconstructing each and every transaction entered into between Tony/Boracho and Defendants' customers.  In order to do this, Defendants are contacting each of their customers and asking them to produce documentation for all produce sold to them and all monies paid by Vegas Connection's customers for the calendar year 2007.  To date I have spoken to numerous customers who claim to have paid money to Tony and/or Boracho for produce received and yet there is no indication in our records that such money was ever paid to Vegas Connection by Tony and/or Boracho.  One of these people is Mr. Artemio Gomez the owner of Mojica Store #2 and he resides in Whittier, California, a suburb of Los Angeles, County.  Another such person is Serafin _____ and he resides in Los Angeles County.

21.   I have also spoken with certain people who regularly worked in the vicinity of the warehouse we leased for Tony and/or Boracho who will testify to

**DECLARATION OF JAHANGIR SHAHRIARI IN SUPPORT OF DEFENDANTS'
MOTION TO TRANSFER FOR IMPROPER VENUE OR IN THE
ALTERNATIVE TO TRANSFER FOR CONVENIENCE**

5

having seen Tony and/or Boracho discard large amounts of produce.  This revelation is particularly bothersome give that the documentation provided by Tony and/or Boracho does not reflect the disposal of any produce.  One of these people is named Jose Palasios and he resides in Los Angeles, California.  Another such person is named Habib Balashka. and he resides in Los Angeles, California.

22.   All of the witnesses we intend to call in this case, some of which are our employees, all reside in Los Angeles County.  It would not only be extremely inconvenient, but also an extreme hardship for all of these witnesses to travel to San Francisco to testify in this matter.  Similarly, all of the transactions the form the basis of this dispute transpired in Los Angeles County.  For these reasons, a trial in the Northern District of California would result in a clear imbalance of inconvenience to these Defendants and their witnesses.

23.   The only relationship this case has with San Francisco is the fact that we received invoices from De Sol's San Francisco office and beginning in May, 2007 we began to ship produce to some of Alvaro's San Francisco customers.  All checks relating to these invoices were hand delivered to Tony at the request of Alvaro.  No checks were ever mailed to De Sol's San Francisco office.

24.   Similarly, all of the accounting records and bank records are located in Los Angeles County.

25.   Finally, it would be in the interest of justice to consolidate this case with the Rey & Rey matter in Los Angeles County once their motion to dismiss has been adjudicated.

October ___, 2007

_____
JAHANGIR SHAHRIARI

**DECLARATION OF JAHANGIR SHAHRIARI IN SUPPORT OF DEFENDANTS'
MOTION TO TRANSFER FOR IMPROPER VENUE OR IN THE
ALTERNATIVE TO TRANSFER FOR CONVENIENCE**

6