John B. Richards, State Bar No. 175882
Law Offices of John B. Richards
137 E. Anapamu Street
Santa Barbara, CA 93101
Telephone: (805) 683-2736

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DE SOL CORP., INC., a California corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>VEGAS CONNECTION, INC., a California corporation; OMAR AWAD, an individual; JAHANGIR SHAHRIARI, an individual,<br><br>                    Defendants. | CASE NO. C 07-4107<br><br>**DECLARATION OF BART M. BOTTA IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER CASE FOR IMPROPER VENUE** |

I, BART M. BOTTA, declare as follows:

1.      I am a partner with the law firm of Rynn & Janowsky, LLP, attorneys of record for the Defendants in a pending case related to the above-captioned case, which is entitled *ROBERTO I. ALVARO, an individual, vs. REY REY PRODUCE SFO, INC., a California Corporation; REY & REY PRODUCE, INC., a California corporation; MANUEL REYNOSO, an individual*, Case Number C-07-01685-JSW (hereinafter referred to as "the Rey & Rey Case").

2.      I have personal knowledge of all matters stated in this declaration and if called as a witness, I would and could competently testify thereto.  I have practiced as a

07-147/ DECLARATION OF BART M. BOTA                    1

California attorney specializing in matters under the federal Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e *et seq.*] for the past fourteen (14) years.

3.     I make this Declaration to illustrate the similarities between the facts set forth by the Plaintiff in the Rey & Rey Case and the facts set forth in the above-captioned case, and to show that the same fraudulent course of conduct was employed by the Plaintiffs in both cases (which are essentially the same party). Consequently, while there is a motion to dismiss the Rey & Rey case in its entirety currently pending and awaiting the issuance of a decision, if that case is not dismissed, the two cases should be consolidated as they are certainly related cases. *See* Defendants' Motion to Transfer for Improper Venue and the Declarations filed in support thereof.

4.     Rey & Rey's primary office is located in Los Angeles, and since the above-captioned case should be transferred to Los Angeles for all of the reasons set forth in Defendants' Motion to Transfer for Improper Venue and the Declarations filed in support thereof, if the Court in the Rey & Rey Case does not dismiss that case in its entirety, the interests of judicial economy would be best served by consolidating both cases in the U.S. District Court in Los Angeles, where Defendants in the above-captioned case are seeking to have venue transferred by their motion.

5.     The Plaintiff in the Rey & Rey Case is Roberto I. Alvaro, and he is currently listed on the PACA license as the sole principal for De Sol Corp., which is the Plaintiff in the above-captioned case. Mr. Alvaro initially filed complaints against Rey & Rey and Rey Rey Produce SFO, Inc. with the PACA Branch of the U.S. Department of Agriculture (PACA Case Files W-07-115 and W-07-114). These cases are still pending. In the PACA cases, I prepared responses to the initial Informal Complaints, which set out the facts and circumstances of the matter. These responses were January 25, 2007 letters that I sent to the Tucson PACA Regional Office of the U.S. Department of Agriculture. True and correct copies of my January 25, 2007 letters are attached hereto and are incorporated herein by this reference as **Group Exhibit 1**.

6.    As is apparent from the facts set forth in Group Exhibit 1, Roberto Alvaro engaged in fraudulent acts and concocted a "scam" whereby he attempted to make money at the expense of Defendants in both this case and the Rey & Rey Case through his self-dealing and unauthorized actions.  I have spoken to counsel for the Defendants in the present case on numerous occasions, and have reviewed the Declarations of Defendants that are being filed in support of Defendants' Motion to Transfer, and in my opinion, there is no question that the facts in both matters show a similar course of dealing.  Both cases involve the same parties, and parties related to the same parties, and the Plaintiffs in both cases employed the similar course of dealing with the intent to defraud VEGAS CONNECTION, INC. in this case, and Rey & Rey, Inc. and Rey Rey Produce SFO, Inc. in the Rey & Rey Case, out of money, all while the Plaintiffs in both cases breached the fiduciary duties owed to the Defendants.

7.    For the foregoing reasons, as counsel for Defendants in the related case number C 07-01685 JSW, I hereby support Defendants' motion to transfer venue to Los Angeles in the present case.  If granted, and in the event the Defendants' motion to dismiss case number C 07-01685 JSW in its entirety is not granted, I will file a similar motion to transfer venue and also to consolidate the Rey & Rey case with the above-captioned case as they are obviously related cases that involve the same set of facts and the same and related parties.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 15th day of October 2007 at Newport Beach, California.

BART M. BOTTA



Newport Beach Office

**RYNN & JANOWSKY, LLP**
LAW OFFICES

4100 Newport Place Drive, Suite 700
Newport Beach, California 92660
Telephone 949.752.2911
Facsimile 949.752.0953
www.rjlaw.com

**BART M. BOTTA**
bart@rjlaw.com
Fax: (949) 225-4764

<u>VIA FACSIMILE & U.S. MAIL</u>

January 25, 2007

Mr. Jerry W. Taylor
Regional Director, Western Region
U.S.D.A., PACA Branch
300 W. Congress St.
Federal Building, Box 30
Tucson, AZ 85701

Re:     *Roberto Alvaro dba De Sol Export vs. Rey Rey Produce SFO, Inc.*
        **PACA File No. W-07-114**

Dear Jerry:

As you know, this law firm represents Rey Rey Produce SFO, Inc. ("SFO") in the above-referenced dispute, and this letter is SFO's response to your December 22, 2006 letter concerning the informal complaint filed by Robert Alvaro dba De Sol Export ("Complainant") in the above-captioned matter. (This matter is also related to a second reparation case filed by Complainant against Rey & Rey Produce, Inc. ("R&R")(PACA File No. W-07-115).)

SFO disputes the allegations made by Complainant and denies that any sums are due and owing to Complainant. Before even addressing the erroneous factual contentions asserted by Complainant, there are several procedural and jurisdictional grounds that should result in the dismissal of the present action.

I.      <u>Statute of Limitations Defense</u>

At the outset, it is to be noted that the informal complaint filed by Complainant in the related case (PACA File No. W-07-115) asserts that commissions are allegedly owed for imported goods sold to both R&R and SFO. Therefore, it is unclear whether Complainant is

Newport Beach, California ▪ Oakland, California ▪ Naples, Florida

EXHIBIT /

Letter to Mr. Jerry W. Taylor
January 25, 2007
Page 2

alleging that R&R and SFO owe commissions, or only R&R. If Complainant is alleging that commissions are owed by SFO in this matter, then SFO submits that the nine (9) month statute of limitations for filing a reparation action with the PACA Branch of the U.S.D.A. has run as to these claimed commissions. Therefore, Complainant's Informal Complaint should be dismissed pursuant to the PACA at 7 U.S.C. §499f(a)(1) as the U.S.D.A. lacks jurisdiction. *See also Burnac Produce, Inc. v. Calavo Growers of California*, 47 Agric. Dec. 1624 (1988)(complainant alleged that the respondent, acting as a grower's agent, had failed to remit the proper amount due on numerous transactions, many of which were barred based on the statute of limitations).

## II.    Complainant's Action is Based Upon a Forged Document

Regardless of whether Complainant is alleging commissions are owed by SFO, the fact is that the Commission Statement that Complainant submitted in support of its cases contains a forged signature of SFO's and R&R's president Manuel Reynoso. Enclosed with this letter as **Exhibit 1** is a true and correct copy of the Commission Statement submitted by Complainant. Also, enclosed as **Group Exhibit 2** are true and correct copies of several documents which actually were signed by R&R's president Manuel Reynoso and were filed in various federal lawsuits in which the undersigned has represented R&R and SFO throughout the last several years (the signatures of Manuel Reynoso are dated from November 8, 2004 through January 5, 2007 (the bank account number on the check has been redacted)). The Commission Statement that Complainant alleges was signed by Manuel Reynoso is dated November 9, 2006, and as is abundantly clear from a quick comparison of the signatures, the signature on Complainant's Commission Statement does not match Manuel Reynoso's actual signature. Affidavits of individuals with personal knowledge of the facts surrounding Complainant's forgery of this document are also in the process of being prepared and will be submitted as even further evidence should Complainant decide to pursue its action by a Formal PACA reparation Complaint.

Therefore, it is clear that Complainant has falsified the document which it submitted to the U.S.D.A. to support its claims against R&R and SFO by forging Manuel Reynoso's signature, which is a federal crime under 18 U.S.C. § 495, which provides for punishment of up to 10 years in prison, as well as under 7 U.S.C. § 499b(4), which provides that it is unlawful to make any "false or misleading statement" in connection with any transaction involving perishable agricultural commodities.

Furthermore, it is also possible, that some or all of the previous documents submitted by Complainant were similarly falsified, and consequently, Complainant has "unclean hands" to maintain any action whatsoever against either SFO or R&R. Therefore, SFO further prays that based on the evidence submitted that Complainant altered evidence, the Secretary make such other and further orders and take such disciplinary action against Complainant as is contemplated by Section 8 of the PACA as deemed proper under the circumstances involved in this matter.

Letter to Mr. Jerry W. Taylor
January 25, 2007
Page 3

### III.    Complainant Also Did Not Send Any Invoices to SFO

Factually, Complainant's claim must fail also. Complainant alleges that SFO is obligated to pay it for produce, and asserts that $110,819.00 is due. However, Complainant never sent any invoices to SFO, and there was no meeting of the minds regarding prices that Complainant alleges SFO agreed to pay. Furthermore, SFO paid in full for all produce, and these amounts were accepted by Complainant and there is nothing further due. More importantly, Complainant Roberto Alvaro, who was allegedly doing business as De Sol Export, was also employed by SFO. In essence, Mr. Alvaro alleged to have sold produce to SFO by making the purchases himself (on behalf of SFO), and thereby binding SFO. However, since De Sol Export is a dba of Roberto Alvaro, Mr. Alvaro was simply selling produce to himself and in doing so attempting to make SFO bound by these purchases. Clearly, Mr. Alvaro would not care how high the prices were that he (on behalf of SFO) was paying for produce from Complainant, when Complainant was Mr. Alavaro himself.

In fact, evidence exists and is currently be compiled and organized that Complainant was buying produce (from himself) at prices that were higher than those prices that Complainant was reselling the produce for to customers of SFO. Thus, Mr. Alvaro was continually buying produce for SFO from his own company (De Sol Export) at prices that were over the market price and reselling to customers of SFO at lower prices for great financial losses (but Mr. Alvaro did not care since he was personally profiting when he purchased the produce from his own company). This sort of self-dealing and unscrupulous business practices is not only the type that the PACA was originally enacted to prevent, but it is also illegal. *See also, e.g., E.J. Harrison & Son v. A.E. Albert & Sons, Inc.,* 24 Agric. Dec. 884 (1965)(for a party to be liable it must have a contractual relationship involving the purchase and sale of produce); *Reid & Joyce Packing Co. v. G.W. Touchstone,* 15 Agric. Dec. 884 (1956); *Anonymous,* 4 Agric. Dec. 332 (1945); *George W. Haxton & Son, Inc. v. Adler Egg Co.,* 19 Agric. Dec. 218 (1960).

### IV.    Complainant has no PACA License

Finally, Complainant's business address is listed as being in Mexico, but in the informal complaint, the Complainant is listed as being located in San Mateo, California. It appears that Complainant did not have a valid PACA license during any of the relevant times in this matter, and may therefore have been operating without a license in violation of the PACA. *See also Jebavy-Sorenson v. Lynn Foods,* 32 Agric.Dec. 529 (1973); *Warren Fair Brothers v. Gulf Farms,* 28 Agric.Dec. 612 (1969). Complainant appears to have obtained a PACA license on December 18, 2006 (License No. 20070258), but this date was *after* Complainant's alleged transactions.

Based on Complainant's self-dealing and fraudulent and unlawful actions, the fact that SFO (and R&R) have fully paid for all produce, the fact that Complainant did not hold a valid PACA license, and the fact there was no contractual privity between Complainant and SFO (or R&R), Complainant cannot be permitted to maintain this action. For the foregoing reasons and

Letter to Mr. Jerry W. Taylor
January 25, 2007
Page 4


authorities, SFO respectfully requests that this matter be dismissed and that no further action be taken against SFO (or R&R in the related case).

    Thank you for your attention to this matter. Please feel free to contact me with any further questions or comments.

        Very truly yours,

        RYNN & JANOWSKY, LLP

        BART M. BOTTA

/BMB
07-103/Answer to Informal Complaint

cc:    Client



11/9/2006

## COMMISSION STATEMENT

As per our verbal agreement Dated August 2005, Rey Rey Los Angeles, Inc should pay weekly $5000.00 for comission to Desol Imports or Ivan Alvaro for imports goods (mexican specialities and mexican persian limes) to Rey Rey Los Angeles and Rey Rey San Francisco.

| 1 | Weekly | August | 2005 | 01-06 | 5,000.00 |
|----|--------|-----------|------|-------|----------|
| 2 | | August | 2005 | 08-13 | 5,000.00 |
| 3 | | August | 2005 | 15-20 | 5,000.00 |
| 4 | | August | 2005 | 22-27 | 5,000.00 |
| 5 | | August | 2005 | 29-03 | 5,000.00 |
| 6 | | September | 2005 | 05-10 | 5,000.00 |
| 7 | | September | 2005 | 12-17 | 5,000.00 |
| 8 | | September | 2005 | 19-24 | 5,000.00 |
| 9 | | September | 2005 | 26-01 | 5,000.00 |
| 10 | | October | 2005 | 03-08 | 5,000.00 |
| 11 | | October | 2005 | 10-15 | 5,000.00 |
| 12 | | October | 2005 | 17-22 | 5,000.00 |
| 13 | | October | 2005 | 24-29 | 5,000.00 |
| 14 | | November | 2005 | 31-05 | 5,000.00 |
| 15 | | November | 2005 | 07-12 | 5,000.00 |
| 16 | | November | 2005 | 14-19 | 5,000.00 |
| 17 | | November | 2005 | 21-26 | 5,000.00 |
| 18 | | November | 2005 | 28-03 | 5,000.00 |
| 19 | | December | 2005 | 05-10 | 5,000.00 |
| 20 | | December | 2005 | 12-17 | 5,000.00 |
| 21 | | December | 2005 | 19-24 | 5,000.00 |
| 22 | | December | 2005 | 26-31 | 5,000.00 |
| 23 | | January | 2006 | 02-07 | 5,000.00 |
| 24 | | January | 2006 | 09-14 | 5,000.00 |
| 25 | | January | 2006 | 16-21 | 5,000.00 |
| 26 | | January | 2006 | 23-28 | 5,000.00 |
| 27 | | February | 2006 | 30-04 | 5,000.00 |
| 28 | | February | 2006 | 06-11 | 5,000.00 |
| 29 | | February | 2006 | 13-18 | 5,000.00 |
| 30 | | February | 2006 | 20-25 | 5,000.00 |
| 31 | | March | 2006 | 27-04 | 5,000.00 |
| 32 | | March | 2006 | 06-11 | 5,000.00 |
| 33 | | March | 2006 | 13-18 | 5,000.00 |
| 34 | | March | 2006 | 20-25 | 5,000.00 |
| 35 | | March | 2006 | 27-01 | 5,000.00 |
| 36 | | April | 2006 | 03-08 | 5,000.00 |

# EXHIBIT 1

| | | | | |
|---|---|---|---|---|
| 37 | April | 2006 | 10-15 | 5,000.00 |
| 38 | April | 2006 | 17-22 | 5,000.00 |
| 39 | April | 2006 | 27-29 | 5,000.00 |
| 40 | May | 2006 | 01-06 | 5,000.00 |
| 41 | May | 2006 | 08-13 | 5,000.00 |
| 42 | May | 2006 | 15-20 | 5,000.00 |
| 43 | May | 2006 | 22-27 | 5,000.00 |
| 44 | May | 2006 | 29-03 | 5,000.00 |
| 45 | June | 2006 | 05-10 | 5,000.00 |
| 46 | June | 2006 | 12-17 | 5,000.00 |
| 47 | June | 2006 | 19-24 | 5,000.00 |
| 48 | June | 2006 | 26-01 | 5,000.00 |
| 49 | July | 2006 | 03-08 | 5,000.00 |
| 50 | July | 2006 | 10-15 | 5,000.00 |
| 51 | July | 2006 | 17-22 | 5,000.00 |
| 52 | July | 2006 | 24-29 | 5,000.00 |
| 53 | August | 2006 | 31-05 | 5,000.00 |
| 54 | August | 2006 | 07-12 | 5,000.00 |
| 55 | August | 2006 | 14-19 | 5,000.00 |
| 56 | August | 2006 | 21-26 | 5,000.00 |
| 57 | August | 2006 | 28-02 | 5,000.00 |
| 58 | September | 2006 | 04-09 | 5,000.00 |
| 59 | September | 2006 | 11-16 | 5,000.00 |
| 60 | September | 2006 | 18-23 | 5,000.00 |
| 61 | September | 2006 | 25-30 | 5,000.00 |
| 62 | October | 2006 | 02-07 | 5,000.00 |
| 63 | October | 2006 | 09-14 | 5,000.00 |
| 64 | October | 2006 | 16-21 | 5,000.00 |
| 65 | October | 2006 | 23-28 | 5,000.00 |
| 66 | November | 2006 | 30-04 | 5,000.00 |
| 67 | November | 2006 | 06-11 | 5,000.00 |
| 68 | November | 2006 | 13-18 | 5,000.00 |
| 69 | November | 2006 | 20-25 | 5,000.00 |
| 70 | November | 2006 | 27-02 | 5,000.00 |
| 71 | December | 2006 | 04-09 | 5,000.00 |
| 72 | December | 2006 | 11-16 | 5,000.00 |
| 73 | December | 2006 | 18-23 | 5,000.00 |
| 74 | December | 2006 | 25-30 | 5,000.00 |

Manuel Reynoso C.E.O.
Rey Rey Inc.

19.  Plaintiff shall, upon full payment of all sums due under this
Agreement and Stipulation, provide Defendants with a conformed copy of the
request for dismissal of this action, in its entirety, with prejudice.

IT IS SO STIPULATED:

G. W. PALMER & CO., INC.

DATED: 11/16/04    By: _Lyndall Woodward_
                   Name:   Lyndall Woodward
                   Position:   Produce Sales

REY & REY PRODUCE, INC.

DATED: 11/8/04    By: _____
                  MANUEL REYNOSO, President

MANUEL REYNOSO, Individually

DATED: _____    By: _____
                 MANUEL REYNOSO

APPROVED AS TO FORM AND CONTENT:

RYNN & JANOWSKY, LLP

DATED: 11-18-04    By: _____
                   BART M. BOTTA, Attorneys for Plaintiff

04-270/Stipulation

6

EXHIBIT 2

1      17.   For all of these reasons, I believe entry of judgment against Defendant is

2   both proper and justified.

3      I declare under penalty of perjury under the laws of the State of California, and the

4   United States of America that the foregoing is true and correct.

5      Executed this $8th$ day of February, 2006 at Los Angeles, California.

6

7

8                       MANUEL REYNOSO

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5

*The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. §499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities and any receivables or proceeds from the sale of these commodities until full payment is received.*

6    See again, true and correct copies of Plaintiff's invoices attached hereto and incorporated

7    herein by reference as Group Exhibit 1.

8        14.    All the invoice amounts due were reviewed and authorized by me. After

9    the complaint was filed, no payments have been received. Therefore, the principal

10   amount currently owed by Defendants to Plaintiff is $8,316.80.

11       15.    Pre-judgment finance charges at the rate of 18% per annum has been

12   calculated on the principal amount due from the date each invoice became due and owing

13   through March 15, 2006 (motion for default judgment hearing) in the amount of

14   $2,006.80. An itemized spreadsheet calculating the finance charges is attached hereto as

15   **Exhibit 3**.

16       16.    Based on the foregoing, I believe Plaintiff is entitled to default judgment

17   against Defendants in the principal amount of $8,316.80 plus prejudgment finance

18   charges in the amount of $2,006.80 and attorneys fees and costs in the amount of $866.37

19   for a total current amount due of $11,189.97, and post judgment finance charges at the

20   rate of 18% per annum.

21       17.    For all of these reasons, I believe entry of judgment against Defendants is

22   both proper and justified.

23       I declare under penalty of perjury under the laws of the State of California, and the

24   United States of America that the foregoing is true and correct.

25       Executed this 8th day of February, 2006 at Los Angeles, California.

26
27
28

MANUEL REYNOSO

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

05-281/DECLINEMAGISTRATE                4

1
2

*The perishable agricultural commodities listed on this invoice
are sold subject to the statutory trust authorized by section 5(c)
of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C.
§499e(c)). The seller of these commodities retains a trust claim
over these commodities, all inventories of food or other products
derived from these commodities and any receivables or proceeds
from the sale of these commodities until full payment is received.*

3
4
5

6    *See again*, true and correct copies of Plaintiff's invoices attached hereto and incorporated

7    herein by reference as Group Exhibit 1.

8         14.    All the invoice amounts due were reviewed and authorized by me. After

9    the complaint was filed, no payments have been received. Therefore, the principal

10   amount currently owed by Defendant to Plaintiff is $26,042.50.

11        15.    Pre-judgment finance charges at the rate of 18% per annum has been

12   calculated on the principal amount due from the date each invoice became due and owing

13   through April 28, 2006 (motion for default judgment hearing) in the amount of

14   $4,487.82. An itemized spreadsheet calculating the finance charges is attached hereto as

15   **Exhibit 3**.

16        16.    Based on the foregoing, I believe Plaintiff is entitled to default judgment

17   against Defendant in the principal amount of $26,042.50 plus prejudgment finance

18   charges in the amount of $4,487.82 and attorneys fees and costs in the amount of

19   $2,183.93 for a total current amount due of $32,714.25, and post judgment finance

20   charges at the rate of 18% per annum.

21        17.    For all of these reasons, I believe entry of judgment against Defendant is

22   both proper and justified.

23        I declare under penalty of perjury under the laws of the State of California, and the

24   United States of America that the foregoing is true and correct.

25        Executed this ____ day of March, 2006 at Los Angeles, California.

26

27

28        MANUEL REYNOSO

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

4

1      17.    For all of these reasons, I believe entry of judgment against Defendant is

2 both proper and justified.

3         I declare under penalty of perjury under the laws of the State of California, and the

4 United States of America that the foregoing is true and correct.

5         Executed this ___ day of May, 2006 at Los Angeles, California.

6

7

8                                    MANUEL REYNOSO

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28





Newport Beach Office

4100 Newport Place Drive, Suite 700
Newport Beach, California 92660
Telephone 949.752.2911
Facsimile 949.752.0953
www.rjlaw.com

**BART M. BOTTA**
bart@rjlaw.com
Fax: (949) 225-4764

<u>**VIA FACSIMILE & U.S. MAIL**</u>

January 25, 2007

Mr. Patrick P. Romero
Acting Regional Director
U.S.D.A., PACA Branch
300 W. Congress St.
Federal Building, Box 30
Tucson, AZ 85701

Re:   *Roberto Alvaro dba De Sol Export vs. Rey & Rey Produce, Inc.*
       **PACA File No. W-07-115**

Dear Patrick:

As you know, this law firm represents Rey & Rey Produce, Inc. ("R&R") in the above-referenced dispute, and this letter is R&R's response to your January 5, 2007 revised letter concerning the informal complaint filed by Robert Alvaro dba De Sol Export ("Complainant") in the above-captioned matter. (This matter is also related to a second reparation case filed by Complainant against Rey Rey Produce SFO, Inc. (PACA File No. W-07-114).)

R&R disputes the allegations made by Complainant and denies that any sums are due and owing to Complainant. Before even addressing the erroneous factual contentions asserted by Complainant, there are several procedural and jurisdictional grounds that should result in the dismissal of the present action.

I.     <u>**Statute of Limitations has Expired**</u>

At the outset, it is to be noted that the informal complaint asserts that the commissions alleged to be due totaling $165,000 are for an agreement for transactions from August 2005 through December 2006. Complainant filed its informal complaint on or about December 19, 2006. Consequently, the nine (9) month statute of limitations for filing a reparation action with the PACA Branch of the U.S.D.A. has run as to the claimed commissions. Consequently, since

Newport Beach, California  ■  Oakland, California  ■  Naples, Florida

Letter to Mr. Patrick P. Romero
January 25, 2007
Page 2

the alleged transaction occurring from August 2005 through March 19, 2006 are untimely as a matter of law, Complainant's Informal Complaint must be dismissed pursuant to the PACA at 7 U.S.C. §499f(a)(1). *See also Burnac Produce, Inc. v. Calavo Growers of California*, 47 Agric. Dec. 1624 (1988)(complainant alleged that the respondent, acting as a grower's agent, had failed to remit the proper amount due on numerous transactions, many of which were barred based on the statute of limitations). Thus, the U.S.D.A. lacks jurisdiction over these alleged transactions and of this dispute as a whole.

## II.    Complainant's Action is Based Upon a Forged Document

Enclosed with this letter as **Exhibit 1** is a true and correct copy of the Commission Statement that Complainant submitted as support for its Informal Complaint against R&R, which Complainant alleges was signed by R&R's president Manuel Reynoso. Also enclosed as **Group Exhibit 2** are true and correct copies of several documents which actually were signed by R&R's president Manuel Reynoso and were filed in various federal lawsuits in which the undersigned has represented R&R throughout the last several years (the signatures of Manuel Reynoso are dated from November 8, 2004 through January 5, 2007 (the bank account number on the check has been redacted)). The Commission Statement that Complainant alleges was signed by Manuel Reynoso is dated November 9, 2006, and as is abundantly clear from a quick comparison of the signatures, the signature on Complainant's Commission Statement does not match Manuel Reynoso's actual signature. Affidavits of individuals with personal knowledge of the facts surrounding Complainant's forgery of this document are also in the process of being prepared and will be submitted as even further evidence should Complainant decide to pursue its action by a Formal PACA reparation Complaint.

Therefore, it is clear that Complainant has falsified the document which it submitted to the U.S.D.A. to support its claim against R&R by forging Manuel Reynoso's signature, which is a federal crime under 18 U.S.C. § 495, which provides for punishment of up to 10 years in prison, as well as under 7 U.S.C. § 499b(4), which provides that it is unlawful to make any "false or misleading statement" in connection with any transaction involving perishable agricultural commodities.

Furthermore, it is also possible, that some or all of the previous documents submitted by Complainant were similarly falsified, and consequently, Complainant has "unclean hands" to maintain any action whatsoever against R&R. Therefore, R&R further prays that based on the evidence submitted that Complainant altered evidence, the Secretary make such other and further orders and take such disciplinary action against Complainant as is contemplated by Section 8 of the PACA as deemed proper under the circumstances involved in this matter.

## III.    Since the Alleged Agreement is Unsigned, It is Unenforceable Against R&R

Since the alleged agreement submitted by Complainant was never signed by R&R, there simply was no agreement between the parties. *See, e.g., In re J.A. Speight*, 33 Agric.Dec. 280 (1974); *In re Mattes Livestock Co.*, 42 Agric.Dec. 81, 96 (1982); *Burnac Produce, Inc. v. Calavo*

Letter to Mr. Patrick P. Romero
January 25, 2007
Page 3

*Growers of California*, 47 Agric.Dec. 1624 (1988)(negative inferences may be taken when a party fails to provide obviously necessary documents or testimony). Also, case decisions under the PACA have long held that proponents of the terms of a contract have the burden to show that both parties agreed to those terms. *La Casita Farms, Inc. v. Johnson City Produce Co.*, 34 Agric. Dec. 506 (1975).

Furthermore, no meeting of minds occurred regarding the agreement Complainant relies upon to support its claim. Thus, Complainant cannot hold R&R to the terms of an agreement that R&R did not agree to be bound by or execute. Case precedent plainly holds that there must be a meeting of the minds as to the essential terms of an agreement for there to be a contract. *See, e.g., Griffin-Holder Co. v. Joseph Mercurio Produce Corp.*, 40 Agric. Dec. 1002 (1981); *Independent Grayse Distributors v. Barbera Packing Corp.*, 25 Agric. Dec. 1144 (1966); *see also, e.g., W.W Rodgers & Sons v. California Produce Distributors, Inc.*, 34 Agric. Dec. 914 (1975)(when the parties do not agree on a material term to a contract the contract is not binding).

## IV.    Complainant Also Did Not Send Any Invoices to R&R

Factually, Complainant's claim must fail also. Complainant alleges that R&R is obligated to pay it for produce, and asserts that $399,551.54 is due. However, Complainant never sent invoices to R&R, and there was no meeting of the minds regarding prices that Complainant alleges R&R agreed to pay. Furthermore, R&R paid in full for all produce, and these amounts were accepted by Complainant and there is nothing further due. More importantly, Complainant Roberto Alvaro, who was allegedly doing business as De Sol Export, was also employed by Rey Rey SFO, a related company to R&R, against which Complainant has also filed a frivolous reparation case (PACA File No. W-07-114). In essence, Mr. Alvaro alleged to have sold produce to R&R by making the purchases himself (on behalf of R&R), and thereby binding R&R as well as Rey Rey SFO. However, since De Sol Export is a dba of Roberto Alvaro, Mr. Alvaro was simply selling produce to himself and in doing so attempting to make R&R and Rey Rey SFO bound by these purchases. Clearly, Mr. Alvaro would not care how high the prices were that he (on behalf of R&R and Rey Rey SFO) was paying for produce from Complainant, when Complainant was Mr. Alavaro himself.

In fact, evidence exists and is currently be compiled and organized that Complainant was buying produce (from himself) at prices that were higher than those prices that Complainant was reselling the produce for to customers of R&R and Rey Rey SFO. Thus, Mr. Alvaro was continually buying produce for R&R and Rey Rey SFO from his own company (De Sol Export) at prices that were over the market price and reselling to customers of R&R and Rey Rey SFO at lower prices for great financial losses (but Mr. Alvaro did not care since he was personally profiting when he purchased the produce from his own company). This sort of self-dealing and unscrupulous business practices is not only the type that the PACA was originally enacted to prevent, but it is also illegal. *See also, e.g., E.J. Harrison & Son v. A.E. Albert & Sons, Inc.*, 24 Agric. Dec. 884 (1965)(for a party to be liable it must have a contractual relationship involving the purchase and sale of produce); *Reid & Joyce Packing Co. v. G.W. Touchstone*, 15 Agric.

Letter to Mr. Patrick P. Romero
January 25, 2007
Page 4

Dec. 884 (1956); *Anonymous*, 4 Agric. Dec. 332 (1945); *George W. Haxton & Son, Inc. v. Adler Egg Co.*, 19 Agric. Dec. 218 (1960).

## V.    Complainant has no PACA License

Finally, Complainant's business address is listed as being in Mexico, but in the informal complaint, the Complainant is listed as being located in San Mateo, California. It appears that Complainant did not have a valid PACA license during any of the relevant times in this matter, and may therefore have been operating without a license in violation of the PACA. *See also Jebavy-Sorenson v. Lynn Foods*, 32 Agric.Dec. 529 (1973); *Warren Fair Brothers v. Gulf Farms*, 28 Agric.Dec. 612 (1969). Complainant appears to have obtained a PACA license on December 18, 2006 (License No. 20070258), but this date was *after* Complainant's alleged transactions with R&R.

Based on Complainant's self-dealing and fraudulent and unlawful actions, the fact that R&R and Rey Rey SFO have fully paid for all produce, the fact that Complainant did not hold a valid PACA license, and the fact there was no contractual privity between Complainant and R&R or Rey Rey SFO, Complainant cannot be permitted to maintain this action. For the foregoing reasons and authorities , R&R respectfully requests that this matter be dismissed and that no further action be taken against R&R.

Thank you for your attention to this matter. Please feel free to contact me with any further questions or comments.

Very truly yours,

RYNN & JANOWSKY, LLP

BART M. BOTTA

/BMB
07-104/Answer to Informal Complaint

cc:    Client

NU. 024    P, 3



11/9/2006

## COMMISSION STATEMENT

As per our verbal agreement Dated August 2005, Rey Rey Los Angeles, Inc should pay weekly $5000.00 for comission to Desol Imports or Ivan Alvaro for imports goods (mexican specialties and mexican persian limes) to Rey Rey Los Angeles and Rey Rey San Francisco.

| | | | | | |
|---|---|---|---|---|---|
| 1 | Weekly | August | 2005 | 01-06 | 5,000.00 |
| 2 | | August | 2005 | 08-13 | 5,000.00 |
| 3 | | August | 2005 | 15-20 | 5,000.00 |
| 4 | | August | 2005 | 22-27 | 5,000.00 |
| 5 | | August | 2005 | 29-03 | 5,000.00 |
| 6 | | September | 2005 | 05-10 | 5,000.00 |
| 7 | | September | 2005 | 12-17 | 5,000.00 |
| 8 | | September | 2005 | 19-24 | 5,000.00 |
| 9 | | September | 2005 | 26-01 | 5,000.00 |
| 10 | | October | 2005 | 03-08 | 5,000.00 |
| 11 | | October | 2005 | 10-15 | 5,000.00 |
| 12 | | October | 2005 | 17-22 | 5,000.00 |
| 13 | | October | 2005 | 24-29 | 5,000.00 |
| 14 | | November | 2005 | 31-05 | 5,000.00 |
| 15 | | November | 2005 | 07-12 | 5,000.00 |
| 16 | | November | 2005 | 14-19 | 5,000.00 |
| 17 | | November | 2005 | 21-26 | 5,000.00 |
| 18 | | November | 2005 | 28-03 | 5,000.00 |
| 19 | | December | 2005 | 05-10 | 5,000.00 |
| 20 | | December | 2005 | 12-17 | 5,000.00 |
| 21 | | December | 2005 | 19-24 | 5,000.00 |
| 22 | | December | 2005 | 26-31 | 5,000.00 |
| 23 | | January | 2006 | 02-07 | 5,000.00 |
| 24 | | January | 2006 | 09-14 | 5,000.00 |
| 25 | | January | 2006 | 16-21 | 5,000.00 |
| 26 | | January | 2006 | 23-28 | 5,000.00 |
| 27 | | February | 2006 | 30-04 | 5,000.00 |
| 28 | | February | 2006 | 06-11 | 5,000.00 |
| 29 | | February | 2006 | 13-18 | 5,000.00 |
| 30 | | February | 2006 | 20-25 | 5,000.00 |
| 31 | | March | 2006 | 27-04 | 5,000.00 |
| 32 | | March | 2006 | 06-11 | 5,000.00 |
| 33 | | March | 2006 | 13-18 | 5,000.00 |
| 34 | | March | 2006 | 20-25 | 5,000.00 |
| 35 | | March | 2006 | 27-01 | 5,000.00 |
| 36 | | April | 2006 | 03-08 | 5,000.00 |

# EXHIBIT I

NO. 524   P. 4

| | | | | |
|---|---|---|---|---|
| 37 | April | 2006 | 10-16 | 5,000.00 |
| 38 | April | 2006 | 17-22 | 5,000.00 |
| 39 | April | 2006 | 27-29 | 5,000.00 |
| 40 | May | 2006 | 01-06 | 5,000.00 |
| 41 | May | 2006 | 08-13 | 5,000.00 |
| 42 | May | 2006 | 15-20 | 5,000.00 |
| 43 | May | 2006 | 22-27 | 5,000.00 |
| 44 | May | 2006 | 29-03 | 5,000.00 |
| 45 | June | 2006 | 05-10 | 5,000.00 |
| 46 | June | 2006 | 12-17 | 5,000.00 |
| 47 | June | 2006 | 19-24 | 5,000.00 |
| 48 | June | 2006 | 26-01 | 5,000.00 |
| 49 | July | 2006 | 03-08 | 5,000.00 |
| 50 | July | 2006 | 10-15 | 5,000.00 |
| 51 | July | 2006 | 17-22 | 5,000.00 |
| 52 | July | 2006 | 24-29 | 5,000.00 |
| 53 | August | 2006 | 31-05 | 5,000.00 |
| 54 | August | 2006 | 07-12 | 5,000.00 |
| 55 | August | 2006 | 14-19 | 5,000.00 |
| 56 | August | 2006 | 21-26 | 5,000.00 |
| 57 | August | 2006 | 28-02 | 5,000.00 |
| 58 | September | 2006 | 04-09 | 5,000.00 |
| 59 | September | 2006 | 11-16 | 5,000.00 |
| 60 | September | 2006 | 18-23 | 5,000.00 |
| 61 | September | 2006 | 25-30 | 5,000.00 |
| 62 | October | 2006 | 02-07 | 5,000.00 |
| 63 | October | 2006 | 09-14 | 5,000.00 |
| 64 | October | 2006 | 16-21 | 5,000.00 |
| 65 | October | 2006 | 23-28 | 5,000.00 |
| 66 | November | 2006 | 30-04 | 5,000.00 |
| 67 | November | 2006 | 05-11 | 5,000.00 |
| 68 | November | 2006 | 13-18 | 5,000.00 |
| 69 | November | 2006 | 20-25 | 5,000.00 |
| 70 | November | 2006 | 27-02 | 5,000.00 |
| 71 | December | 2006 | 04-09 | 5,000.00 |
| 72 | December | 2006 | 11-16 | 5,000.00 |
| 73 | December | 2006 | 18-23 | 5,000.00 |
| 74 | December | 2006 | 25-30 | 5,000.00 |

Manuel Reynoso C.E.O
Rey Rey Inc.

RightFAX              11/29/2004 2:38    PAGE 007/009    Fax Server

Nov. 16. 2004 5:30PM
Nov 16 04 06:11p    Manuel I. Reynoso    213        1425    No. 4600   P. 2
Nov. 5. 2004 2:58PM                                  No. 4489   P. 7      P. 1

19.   Plaintiff shall, upon full payment of all sums due under this Agreement and Stipulation, provide Defendants with a conformed copy of the request for dismissal of this action, in its entirety, with prejudice.

IT IS SO STIPULATED:

G. W. PALMER & CO., INC.

DATED: _11/16/04_   By: _Lyndall Woodward_
Name: _Lyndall Woodward_
Position: _Produce Sales_

REY & REY PRODUCE, INC.

DATED: _11/8/04_   By: _____
MANUEL REYNOSO, President

MANUEL REYNOSO, Individually

DATED: _____   By: _____
MANUEL REYNOSO

APPROVED AS TO FORM AND CONTENT:

RYNN & JANOWSKY, LLP

DATED: _11-18-04_   By: _____
BART M. BOTTA, Attorneys for Plaintiff

04-270/Stipulation                  6

# EXHIBIT 2

1    17.    For all of these reasons, I believe entry of judgment against Defendant is

2    both proper and justified.

3        I declare under penalty of perjury under the laws of the State of California, and the

4    United States of America that the foregoing is true and correct.

5        Executed this 8th day of February, 2006 at Los Angeles, California.

6

7

8        _____
         MANUEL REYNOSO

9

10

11

12

LAW OFFICES
RYHN & JANOWSKY
4100 NEWPORTPLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    *The perishable agricultural commodities listed on this invoice*
2    *are sold subject to the statutory trust authorized by section 5(c)*
3    *of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C.*
     *§499e(c)). The seller of these commodities retains a trust claim*
     *over these commodities, all inventories of food or other products*
4    *derived from these commodities and any receivables or proceeds*
5    *from the sale of these commodities until full payment is received.*

6    *See again*, true and correct copies of Plaintiff's invoices attached hereto and incorporated
7    herein by reference as Group Exhibit 1.

8        14.    All the invoice amounts due were reviewed and authorized by me. After
9    the complaint was filed, no payments have been received. Therefore, the principal
10   amount currently owed by Defendants to Plaintiff is $8,316.80.

11       15.    Pre-judgment finance charges at the rate of 18% per annum has been
12   calculated on the principal amount due from the date each invoice became due and owing
13   through March 15, 2006 (motion for default judgment hearing) in the amount of
14   $2,006.80. An itemized spreadsheet calculating the finance charges is attached hereto as
15   **Exhibit 3.**

16       16.    Based on the foregoing, I believe Plaintiff is entitled to default judgment
17   against Defendants in the principal amount of $8,316.80 plus prejudgment finance
18   charges in the amount of $2,006.80 and attorneys fees and costs in the amount of $866.37
19   for a total current amount due of $11,189.97, and post judgment finance charges at the
20   rate of 18% per annum.

21       17.    For all of these reasons, I believe entry of judgment against Defendants is
22   both proper and justified.

23       I declare under penalty of perjury under the laws of the State of California, and the
24   United States of America that the foregoing is true and correct.

25       Executed this 8th day of February, 2006 at Los Angeles, California.

26
27                                MANUEL REYNOSO
28

05-281/DECLINEMAGISTRATE                      4

03/21/2006 13:41 FAX 2139558008    ☑005/007
Mar. 20. 2006  3:22PM                                   No. 8697  P. 5



*The perishable agricultural commodities listed on this invoice
are sold subject to the statutory trust authorized by section 5(c)
of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C.
§499e(c)).  The seller of these commodities retains a trust claim
over these commodities, all inventories of food or other products
derived from these commodities and any receivables or proceeds
from the sale of these commodities until full payment is received.*

*See again,* true and correct copies of Plaintiff's invoices attached hereto and incorporated

herein by reference as Group Exhibit 1.

    14.    All the invoice amounts due were reviewed and authorized by me.  After

the complaint was filed, no payments have been received. Therefore, the principal

amount currently owed by Defendant to Plaintiff is $26,042.50.

    15.    Pre-judgment finance charges at the rate of 18% per annum has been

calculated on the principal amount due from the date each invoice became due and owing

through April 28, 2006 (motion for default judgment hearing) in the amount of

$4,487.82.  An itemized spreadsheet calculating the finance charges is attached hereto as

**Exhibit 3**.

    16.    Based on the foregoing, I believe Plaintiff is entitled to default judgment

against Defendant in the principal amount of $26,042.50 plus prejudgment finance

charges in the amount of $4,487.82 and attorneys fees and costs in the amount of

$2,183.93 for a total current amount due of $32,714.25, and post judgment finance

charges at the rate of 18% per annum.

    17.    For all of these reasons, I believe entry of judgment against Defendant is

both proper and justified.

    I declare under penalty of perjury under the laws of the State of California, and the

United States of America that the foregoing is true and correct.

    Executed this ___ day of March, 2006 at Los Angeles, California.


_____
MANUEL REYNOSO

4

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

1    17.    For all of these reasons, I believe entry of judgment against Defendant is

2  both proper and justified.

3        I declare under penalty of perjury under the laws of the State of California, and the

4  United States of America that the foregoing is true and correct.

5        Executed this ___ day of May, 2006 at Los Angeles, California.

6

7

8                                   MANUEL REYNOSO

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

