RONALD C. CHAUVEL (SBN 83182)
BRANDON L. REEVES (SBN 242897)
GREENE, CHAUVEL, DESCALSO & MINOLETTI
951 Mariner's Island Blvd., Suite 630
San Mateo, CA 94404
Telephone: (650) 573-9500
Facsimile: (650) 573-9689
ron@greenechauvel.com
brandon@greenechauvel.com

Attorneys for Plaintiff
De Sol Corp., Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(Oakland Division)

| | |
|---|---|
| De Sol Corp., Inc., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Vegas Connection, Inc., a California corporation; Omar Awad, an individual; Jahangir Shahriari, an individual,<br><br>Defendants. | Case No. C07 4107 SBA<br><br>**DECLARATION OF BRANDON L. REEVES IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER CASE FOR IMPROPER VENUE**<br><br>**Hearing Date: December 18, 2007**<br>**Time: 1:00 p.m.**<br>**Dept.: 3** |

I, BRANDON L. REEVES, declare:

1. I am an attorney at law duly licensed to practice before this Court. I am an associate at the firm of Greene, Chauvel, Desclaso & Minoletti, attorneys of record for Plaintiff De Sol Corp., Inc. in the above-entitled action.

2. I submit this declaration in Support of Plaintiff's Opposition to Defendants' Motion to Transfer Case for Improper Venue, or in the Alternative to Transfer for Convenience. As reflected by the facts and/or exhibits discussed herein, this declaration is based upon my own

1

**DECLARATION OF BRANDON L. REEVES IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER CASE FOR IMPROPER VENUE**

personal knowledge, except where stated as based upon information and belief. If called as a witness to testify to the matters asserted herein, I could testify competently.

3. Attached hereto as Plaintiff's Exhibit 1 is a true and correct copy of a letter I sent to Defendants' attorney John Richards dated September 5, 2007.

4. Mr. Richards agreed to accept service on behalf of Defendants Vegas Connection, Inc. and Jahangir Shahriari. Plaintiff served Defendant Omar Awad by substituted service on August 28, 2007.

5. On September 26, 2007, I spoke with Mr. Richards by telephone and Mr. Richards and I agreed that Defendants would have until no later than Friday, October 12, 2007, to file a responsive pleading to Plaintiff's Complaint for Damages.

6. Attached hereto as Plaintiff's Exhibit 2 is a true and correct copy of a letter I sent to Defendants' attorney John Richards dated September 27, 2007, which confirms our agreement that Defendants would have until October 12 to file a responsive pleading.

7. On Friday, November 16, 2007, Plaintiff De Sol Corp.'s employee Elizabeth Alvaro telephone me and informed me that Jose Antiono Gonzales and Andres Perez (who are currently employed by De Sol Corp.) were recently approached by customers of Defendant Vegas Connection and informed that they had been encouraged to provide false and potentially damaging testimony against Mr. Gonzales, Mr. Perez, and De Sol Corp.

8. Attached hereto as Plaintiff's Exhibit 3 is a true and correct copy of a letter I sent to Defendants' attorney John Richards and attorney Bart Botta dated November 19, 2007.

9. I believe this Motion to Transfer for Improper Venue is nothing more than a tactic by Defendants to stall the progress of this action as long as possible. This is a rather simple collections action. Plaintiff De Sol Corp. delivered produce to the Defendants but was not paid for it. It is undisputed that the produce was actually delivered. Defendant Jahangir Shahriari *admits in his Declaration that he owes at least half of the amount claimed by Plaintiff* in the Complaint for Damages. See Declaration of Shahriari ¶ 13.

2

**DECLARATION OF BRANDON L. REEVES IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER CASE FOR IMPROPER VENUE**

**1**      10.     The Defendants in this action apparently are trying to team-up with defendants in another action before this Court, which was filed by De Sol Corp.'s president, Roberto Alvaro, earlier this year. That action also attempts to collect payment for produce deliveries. The facts and circumstances of that action and the instant action are not related in any fashion. The produce transactions are completely different and there is no common relation between the defendants in that action and the Defendants in this action. The produce market in San Francisco and Los Angeles is rather small and everyone tends to know each other and word, especially of lawsuits merchants are involved in, can spread rapidly.

      11.     Several paragraphs of the Declaration of Jahangir Shahriari in support of this Motion appear to me to be "copied and pasted" directly from declarations filed in the other action by attorney Bart Botta, which is referenced by Defendants in this Motion (Roberto Alvaro v. Rey Rey Produce SFO, Inc., Rey & Rey Produce, Inc., Manuel Reynoso, Case No. C-07-01685-JSW).

      12.     The Defendants in this action make the same baseless, unsupported and vague allegations of fraud, scams, conspiracies, and/or unscrupulous conduct against Plaintiff as are made by attorney Bart Botta and his clients in the other action referenced above. All of these facts and circumstances lead me to believe that such actions, including the filing of this Motion to Transfer, are perpetrated for the sole purpose of delaying the process as long as possible.

      I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: November 27, 2007                              _____
                                                      Brandon L. Reeves

3

**DECLARATION OF BRANDON L. REEVES IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER CASE FOR IMPROPER VENUE**