RONALD C. CHAUVEL (SBN 83182)
BRANDON L. REEVES (SBN 242897)
GREENE, CHAUVEL, DESCALSO & MINOLETTI
951 Mariner's Island Blvd., Suite 630
San Mateo, CA 94404
Telephone:  (650) 573-9500
Facsimile:   (650) 573-9689
ron@greenechauvel.com
brandon@greenechauvel.com

Attorneys for Plaintiff
De Sol Corp., Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(Oakland Division)

| | |
|---|---|
| De Sol Corp., Inc., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Vegas Connection, Inc., a California corporation; Omar Awad, an individual; Jahangir Shahriari, an individual,<br><br>Defendants. | Case No.  C07 4107 SBA<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER CASE FOR IMPROPER VENUE**<br><br>Hearing Date:  December 18, 2007<br>Time:  1:00 p.m.<br>Dept.: 3 |

### I.  STATEMENT OF ISSUES

Defendants Vegas Connection, Inc., Omar Awad, and Jahangir Shahriari contend in this Motion to Transfer that Plaintiff De Sol Corp., Inc.'s choice of venue is improper because all defendants reside in the Central District of California, and the events or omissions giving rise to Plaintiff's claims arose, if at all, in the Central District.  No events or omissions, defendants contend, arose in the Northern District of California.  Alternatively, Defendants argue that even if Plaintiff's choice of venue is proper, for the convenience of defendants' "witnesses," the action should be transferred to the Central District.

1

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER CASE FOR IMPROPER VENUE**

Plaintiff disputes both arguments. Venue is proper under 28 U.S.C. § 1391(b)(2), as alleged in the Complaint, because a significant portion of the events or omissions giving rise to Plaintiff's claims arose in the Northern District. Complaint ¶ 8; Declaration of Roberto Alvaro in Support of Opposition to Defendants' Motion to Transfer Case for Improper Venue ("Decl. of Alvaro") ¶¶ 7, 8, 10- 11, 14-16.

Moreover, two of the four "witnesses" named by the defendants in their Motion are current customers of De Sol Corp. and most certainly will not be testifying on behalf of the defendants in support of their allegations of fraud, scams, and/or conspiracies. Decl. of Alvaro ¶¶ 17-19. The two remaining "witnesses" named in the Motion are employed by Defendant Vegas Connection. Decl. of Alvaro ¶ 18. Plaintiff also has employees, who work and reside in the Northern District, who will testify on its behalf at trial, thus, it is of no significance that defendants have employees located in Los Angeles who may be willing to testify. Id.

## II. STATEMENT OF FACTS

Plaintiff imported produce from Mexico and sold it to defendants between January and June 2007. Complaint ¶ 11; Decl. of Alvaro ¶ 6. Defendants then resold the produce for a profit, but did not pay Plaintiff for some of the produce shipments. Id.

Plaintiff operates primarily out of its office in San Mateo, California. Complaint ¶¶ 1, 11; Decl. of Alvaro ¶ 7. The unpaid invoices at issue in this action, which memorialized the contracts between Plaintiff and defendants, were faxed from Plaintiff's San Mateo office to defendants' office in Los Angeles, or from Shasta Produce's office in South San Francisco, where Plaintiff's president Roberto Alvaro used to work, to defendants' office in Los Angeles. Decl. of Alvaro ¶ 10.

Occasionally, an adjustment in quantity and/or price on the produce delivered to defendants was necessary, and those negotiations and agreements/adjustments were consummated over the phone between Plaintiff's employees Elizabeth Alvaro or Roberto Alvaro in San Mateo, and defendants' representatives in Los Angeles. Decl. of Alvaro ¶ 11.

2

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER CASE FOR IMPROPER VENUE**

1    As of February 2007, Roberto Alvaro still did some work for Shasta Produce in South San Francisco, and the defendants faxed wire transfer statements, invoices and other documents to Mr. Alvaro's attention at Shasta's warehouse, in addition to faxes that defendants sent to De Sol Corp.'s office in San Mateo.  Decl. of Alvaro ¶¶ 14-16, Plaintiff's Exhibits 4-5.

At all relevant times, defendants knew that Plaintiff operated out of a San Mateo office, and, at all relevant times, the defendants negotiated price, quantity, and other aspects of the produce transactions at issue in this action knowing that Plaintiff was located in San Mateo. Decl. of Alvaro ¶¶ 5, 8-9, 12, 4-16; Complaint ¶ 11.

### III.  LEGAL ARGUMENT

#### A.  **DEFENDANTS' MOTION MUST BE DENIED FOR LACK OF ADMISSIBLE EVIDENCE IN SUPPORT OF THE MOTION**

Defendants did not file an affidavit or declaration which contains admissible evidence in support of their various arguments in this Motion.  See Plaintiff's Objections to Declarations of Jahangir Shahriari and Bart Botta filed concurrently herewith.  Accordingly, the Motion should be denied.  The purported evidence contained in Mr. Shahriari's declaration is not sworn or attested to under penalty of perjury as required by law.  28 U.S.C. § 1746.  Declarations with admissible evidence are required to establish the facts relative to a motion to transfer venue.  The residence of the parties, and the location of witnesses and/or physical evidence must be established by competent, admissible evidence.  Stop-A–Flat Corp. v. Electra Start of Michigan, Inc. 507 F.Supp. 647, 652 (ED PA 1981); N.D.C.A. Rule 7–5(b).

Although the Declaration of Bart Botta is properly sworn or attested to under penalty of perjury, the declaration fails to constitute admissible evidence.  The declaration contains irrelevant legal arguments regarding consolidation of two unrelated actions, but introduces no facts whatsoever that would support defendants' venue argument.

The Court should therefore deny this Motion in its entirety since defendants introduced no evidence to contradict Plaintiff's statement of venue.  Complaint ¶ 8.

3
**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER CASE FOR IMPROPER VENUE**

### B. PLAINTIFF'S CHOICE OF VENUE IN THE NORTHERN DISTRICT IS PROPER BECAUSE SIGNIFICANT EVENTS OR OMISSIONS GIVING RISE TO ITS CLAIMS OCCURRED IN THE NORTHERN DISTRICT.

Plaintiff's choice of venue in the Northern District is proper because Plaintiff operated its business in San Mateo, California, negotiating price, quantity, and other aspects of the produce transactions at issue with defendants over the telephone and fax machines while in San Mateo. Decl. of Alvaro ¶¶ 5, 8-9, 12, 4-16; Complaint ¶ 11.  Section 1391 states the following with respect to proper venue:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).

The "events or omissions" on which Plaintiff's claim is based may occur in several districts.  *See* Bates v. C & S Adjusters, Inc. 980 F.2d 865, 867 (2nd Cir. 1992); Carekeeper Software Develop. Co., Inc. v. Silver 46 F.Supp.2d 1366, 1368 (ND GA 1999).  Section 1391(b)(2) does not require that a majority of the "events or omissions" occur in the district where suit is filed; nor that the events there predominate.  It is sufficient that a "substantial part" occur there.  Jenkins Brick Co. v. Bremer 321 F.3d 1366, 1371 (11th Cir. 2003).

A plaintiff may choose either of several districts having relatively equal connections with the dispute.  First of Mich. Corp. v. Bramlet 141 F.3d 260, 264 (6th Cir. 1998); TruServ Corp. v. Neff 6 F.Supp.2d 790, 792 (ND IL 1998)(personal guarantees signed in one state for payment in another).  "The fact that substantial activities took place in district B does not disqualify district A as proper venue as long as 'substantial' activities took place in A, too.  Indeed, district A should not be disqualified even if it is shown that the activities in district B were more substantial, or even the most substantial."  First of Mich. Corp., *supra*, 141 F.3d at 263.

4

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER CASE FOR IMPROPER VENUE**

1   Here, Plaintiff operated out of its office in San Mateo, California. Complaint ¶¶ 1, 11; Decl. of Alvaro ¶ 7. The unpaid invoices at issue in this action, which memorialized the contracts between Plaintiff and defendants, were faxed from Plaintiff's San Mateo office to defendants' office in Los Angeles, or from Shasta Produce's office in South San Francisco, where Plaintiff's president Roberto Alvaro used to work, to defendants' office in Los Angeles. Decl. of Alvaro ¶ 10. Occasionally, an adjustment in quantity and/or price on the produce delivered to defendants was necessary, and those negotiations and agreements/adjustments were consummated over the phone between Plaintiff's employees Elizabeth Alvaro or Roberto Alvaro in San Mateo, and defendants' representatives in Los Angeles. Decl. of Alvaro ¶ 11.

The invoices reveal that the defendants faxed wire transfer statements, invoices and other documents to Mr. Alvaro's attention at Shasta's warehouse in South San Francisco, in addition to faxes that defendants sent to De Sol Corp.'s office in San Mateo. Decl. of Alvaro ¶¶ 14-16, Plaintiff's Exhibits 4-5. Plaintiff's evidence flies in the face of defendants' arguments and unverified statements that defendants had no knowledge that Plaintiff's business is and was located in the Northern District. Decl. of Shahriari ¶¶ 8, 15.

The fact that some of the *payments* (not at issue in this action) were hand delivered to Plaintiff's associates in Los Angeles and wire transfers were sent from banks in Los Angeles to banks in Mexico does not support the contention that no significant events or omissions occurred in the Northern District of California. The events or omissions alleged in the Complaint relate to *the lack of payment* on produce shipments. The produce transactions/shipments that were not paid for were negotiated and consummated by Plaintiff in San Mateo while defendants were in Los Angeles. The events discussed by the defendants, which relate to *payment* for produce are, by nature, irrelevant.

It may be conceivable that Plaintiff's action could have been filed in the Central District, where the defendants all reside, but "could have been" is not the legal standard. Section 1391 allows Plaintiff to file its action in the district (1) where the defendants reside, (2) where a

5

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER CASE FOR IMPROPER VENUE**

substantial part of the events or omissions occurred, **"or"** (3) in a district where any defendant may be found, if no other district would be proper. 28 U.S.C. § 1391(b)(2).  Here, a majority of the events took place in the Northern District.  The defendants failed to introduce evidence to contradict Plaintiff's venue statement in the Complaint.  See Complaint ¶ 8.

C. **CONSIDERATIONS OF CONVENIENCE OF THE PARTIES, WITNESSES, AND THE INTERESTS OF JUSTICE WEIGH IN FAVOR OF LEAVING THIS ACTION IN THE NORTHERN DISTRICT OF CALIFORNIA**

Two of the four "witnesses" named by the defendants in their Motion, who will allegedly testify on their behalf, are current customers of De Sol Corp., and most certainly will <u>not</u> be testifying in support of defendants' allegations of fraud, scams, and/or conspiracies.  Decl. of Alvaro ¶¶ 17-19.  Defendants two other "witnesses" are employed by Defendant Vegas Connection.  Decl. of Alvaro ¶ 18.  Plaintiff also has employees, who work and reside in the Northern District, who will testify on its behalf at trial, thus, it is of no significance that defendants have employees located in Los Angeles who may be willing to testify.  <u>Id</u>.

Section 1404 of the United States Code states that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The moving party has the burden of showing that "the convenience of parties and witnesses" and "interest of justice" requires transfer to another district.  <u>Commodity Futures Trading Comm'n v. Savage</u> 611 F.2d 270, 279 (9th Cir. 1979).  A plaintiff's choice of forum is accorded substantial weight in proceedings under § 1404(a) (so-called "home turf" rule).  Courts generally will not order a transfer unless the "convenience" and "justice" factors enumerated above strongly favor venue elsewhere.  <u>Securities Investor Protection Corp. v. Vigman</u> 764 F.2d 1309, 1317 (9th Cir. 1985).  The moving party has the burden of demonstrating a clear balance of inconveniences.  <u>Harris Trust & Sav. Bank v. SLT Warehouse Co., Inc.</u> 605 F.Supp. 225, 227 (ND IL 1985).  Courts will consider not only the number of witnesses located in the respective districts, but also the nature

6

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER CASE FOR IMPROPER VENUE**

and quality of their testimony in relation to the issues in the case. <u>Brandon Apparel Group, Inc. v. Quitman Mfg. Co. Inc.</u> 42 F.Supp.2d 821, 834 (ND IL 1999).

Defendant Shahriari supports the defendants' convenience argument by listing (in his unverified declaration) the names of four individual who will allegedly testify on defendants' behalf, and who reside in the Central District of California: Jose Palasios, Artemio Gomez, Serafin [last name unknown], and Habib Balashka. Decl. of Shahriari ¶¶ 20-21. However, Jose Palasios and Artemio Gomez are currently employed by Vegas Connection, so it is no surprise that defendants would have employees who might act as witnesses. Decl. of Alvaro ¶ 18. De Sol Corp. has employees, located in the Northern District, who will act as witnesses in this action. Decl. of Alvaro ¶ 18.

Habib Balashka and Serafin will not be providing testimony for the defendants. Those individuals are current customers of Plaintiff, and have transacted business with Plaintiff as recently as November 14, 2007. Decl. of Alvaro ¶ 19. Mr. Balashka and Serafin will not support defendants' allegations of scams, fraud, and/or conspiracies. Decl. of Alvaro ¶ 19. Thus, defendants have offered the names of two of its employees who allegedly testify on their behalf. Moreover, defendants fail to state what testimony Mr. Balashka and Serafin will offer, or why their testimony would be important to this action. *See* <u>A.J. Industries, Inc. v. United States Dist. Ct.</u> 503 F.2d 384, 389 (9th Cir. 1974).

Defendants' convenience arguments must fail. Defendants have not met their burden of establishing that convenience to potential witnesses weighs in favor of moving this action to Southern California. The convenience of Plaintiff and Plaintiff's employees is also relevant for the Court to consider. Plaintiff has a number of employees and significant documentary evidence that would need to be transported to the Central District for law and motion hearings and, ultimately, trial. "The venue transfer provisions of Section 1404(a) are not meant to merely shift the inconvenience to the plaintiff." <u>Reed Elsevier, Inc. v. Innovator Corp.</u> 105 F.Supp.2d 816, 821 (SD OH 2000)(internal quotes omitted).

7

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER CASE FOR IMPROPER VENUE**

## IV.  CONCLUSION

Defendants' Motion to Transfer must be denied.  First, defendants failed to introduce any admissible evidence in support of their improper venue and convenience arguments.

Second, even if the Court were to consider defendants' unsworn declaration, the invoices submitted by Plaintiff contradict Mr. Shahriari's statements that he had no knowledge, until May 2007, that Plaintiff was located in Northern California.  Decl. of Alvaro, Ex. 4-5.  The invoices were faxed to and from the parties' offices in San Mateo, South San Francisco, and Los Angeles, in January 2007 when the parties first transacted business together.

Lastly, the defendants failed to demonstrate that they have any more witnesses to testify on their behalf, who reside in the Central District, than the number of witnesses Plaintiff has in the Northern District who will testify on its behalf.  Plaintiff also has employees and business associates in the Northern District who will testify on its behalf.  Decl. of Alvaro ¶¶ 9, 18.

Defendants filed to meet their initial burden that this action should to be transferred to the Central District of California.

DATED: November 27, 2007            GREENE, CHAUVEL, DESCALSO & MINOLETTI

BY: _____
         RONALD C. CHAUVEL
         BRANDON L. REEVES
         Attorneys for Plaintiff

8

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER CASE FOR IMPROPER VENUE**