John B. Richards, SBN 175882
**LAW OFFICES OF JOHN B. RICHARDS**
137 E. Anapamu Street
Santa Barbara, CA 93101
Tel: 805/683-2736

Attorney For Defendants and Counter-Claimants,
**Vegas Connection, a California Corporation, Omar Awad, an individual, Jahangir Shahriari, an individual**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(Oakland Division)

| | |
|---|---|
| DE SOL CORP., INC. a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> Vegas Connection, Inc., a California corporation; Omar Awad, an individual; Jahangir Shahriari, an individual, <br><br> Defendants. | Case No.: C07 4107 <br><br> DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER CASE FOR IMPROPER VENUE <br> [28 USC §1404(a)] <br><br> Date: December 18, 2007 <br> Time: 1:00 p.m. <br> Location: Courtroom 3, 3rd Floor |

**I.  LEGAL ARGUMENT**

A.  <u>PLAINTIFF'S CHOICE OF VENUE IN THE NORTHERN DISTRICT IS IMPROPER BECAUSE THE NORTHERN DISTRICT AND CENTRAL DISTRICT DO NOT HAVE RELATIVELY EQUAL CONNECTIONS WITH THE DISPUTE.</u>

The parties agree that venue can only be proper in the Northern District if Plaintiff can demonstrate that the Northern and Central Districts have relatively equal connections with the dispute. <u>First of Mich. Corp. v. Bramlet</u> 141 F.3d 260, 264 (6th Cir. 1998)  Based on the pleadings and declarations filed with the court to

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER FOR IMPROPER VENUE**

1

date, it is now clear that the Northern and Central Districts do not have relatively equal connections with the dispute.

A careful review of Plaintiff's declaration demonstrates that Plaintiff has not denied that the parties negotiated their agreement in Los Angeles California. Similarly, Plaintiff has not attempted to deny (and therefore admits) Mr. Shahriari's assertion that "the first payment made by Defendants for any produce received was made on January 12, 2007 in the form of a company check made payable to Alvaro personally and that Alvaro personally picked-up this check at Defendants' place of business in Los Angeles." (Shahriari Decl., pg. 3, lns. 13-16) Moreover, Plaintiff has not denied (and therefore admits) Mr. Shahriari's assertion that "between January 19, 2007 and April 16, 2007, Defendants made all payments (13 payments totaling $527,078.46) for produce received from the Mexican farmers by wiring the funds directly from Defendants' bank account at Bank Of America to a bank account in Mexico..." (Shahriari Decl., pg. 3, lns. 17-20) Finally, Plaintiff has not denied Mr. Shahriari's claim (and therefore admits) that "on or about May 1, 2007 Defendants wrote the first check to De Sol Corp. in the amount of $32,381.83 and this check was handed to Tony at the request of Alvaro." (Shahriari Decl., pg. 3, lns. 23-25)

The above-referenced admissions establish, as Defendants have contended, that Defendants made all payments through April 16, 2007 directly to a bank account in Mexico and not to Plaintiff. These admissions also establish that Defendants did not write their first check to De Sol Corp. until approximately May 1, 2007. The admitted fact is crucial because it is consistent with Defendants' claim that they did not receive an invoice from De Sol until late April or early May of 2007 and this therefore explains why Defendants did not write their first check to De Sol until approximately May 1, 2007. If Defendants had in fact received invoices prior to this time it follows that they would have made checks payable to De Sol prior to this time. No such checks from Defendants to Plaintiff exist

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER FOR IMPROPER VENUE**

2

however because no invoices were received from De Sol prior to late April or early May, 2007. These circumstances are consistent with both the statements of the parties as well as with a common sense analysis of these circumstances.

Another indication that the Northern and Central Districts do not have relatively equal connections with the dispute is that an overwhelming percentage of the total produce sold was sold in Los Angeles (80-90%) [Shahriari Decl., pg. 3, lns. 5-8, Awad Decl., pg. 2, lns. 24-27] Similarly, the vast majority of customers to whom produce was sold reside in Los Angeles (50-60) as opposed to San Francisco (7-8). [Shahriari Decl., pg. 3, lns. 9-12, Awad Decl., pg. 2-3, lns. 28-3]

For all of the reasons set forth above Defendants contend that the clear weight of the evidence has demonstrated that the Northern and Central Districts do not have relatively equal connections with this dispute. The agreement between the parties was negotiated in Los Angeles. Moreover, the vast majority of the transactions were conducted in Los Angeles and the vast majority of the customers (who may be witnesses) who purchased this produce also reside in Los Angeles. As such, this court should transfer this action to the Central District.

B. <u>CONSIDERATIONS OF CONVENIENCE OF PARTIES, WITNESSES AND THE INTERESTS OF JUSTICE WEIGH IN FAVOR OF TRANSFERRING THIS ACTION TO THE CENTRAL DISTRICT</u>.

Once again, Plaintiff has not even attempted to controvert Defendants' claim that the vast majority of the sales took place in Los Angeles and the vast majority of the customers reside in Los Angeles. More specifically, Plaintiff has not even attempted to declare or assert that the majority (or even a significant minority) of the sales and/or customers were San Francisco based. In this regard, Plaintiff has only identified two potential witnesses (Martin Ceja and Antonio Aguilar) who live in the Bay area. In contrast, Defendants have identified 50-60 potential witnesses who reside in the Los Angeles area. [Shahriari Decl., pg. 3, lns. 9-12, Awad Decl., pg. 2-3, lns. 28-3]

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER FOR IMPROPER VENUE**

3

1  For all of these reasons, this matter should be transferred to the Central
2  District for the convenience of the parties and their witnesses.
3      C.    <u>THE FAX EXHIBITS (#s 4&5) ATTACHED TO PLAINTIFF'S
4  DECLARATION PROVE NOTHING</u>
5      Both Mr. Shahriari and Mr. Awad have reviewed exhibits 4 and 5 attached
6  to Plaintiff's declaration. With respect to the invoice attached as exhibit 4 to
7  Plaintiff's declaration, Msrs. Shahriari and Awad have declared that they have
8  never seen this invoice before and assume that either Tony or Boracho must have
9  retrieved the FAX since they had constant access to the company FAX machine.
10 (Shahriari Decl., pg. 3, lns. 24-27, Awad Decl., pg. 3, lns. 15-18).
11     With respect to the invoice attached as exhibit 5 to Plaintiff's declaration,
12 Msrs. Shahriari and Awad have pointed out that this FAX contains Tony's
13 signature and for this reason they believe Tony must have received the FAX.
14 (Shahriari Decl., pg. 3-4, lns. 28-3)
15     Moreover, it stands to reason that if these invoices had in fact been received
16 by either Mr. Shahriari or Mr. Awad, they would have in turn generated checks
17 payable to De Sol in response. The parties agree that no such checks exist. This is
18 because Defendants never received these invoices.
19     D.    <u>THIS REPLY BRIEF WAS FILED ON DECEMBER 5, 2007
20 BECAUSE MR. SHAHRIARI DID NOT RETURN FROM VACATION UNTIL
21 DECEMBER 5, 2007</u>.
22     Unbeknownst to counsel for Defendants, Mr. Shahriari left town on
23 vacation on November 24, 2007 and did not return to work until Wednesday,
24 December 7, 2007. (Shahriari Decl., pg. 2, lns. 3-6). For this reason, it was not
25 until the early hours of the morning of December 5, 2007 that Mr. Shahriari first
26 read Plaintiff's opposition and declaration. (Shahriari Decl., pg. 2, lns. 7-11)
27 These moving papers were also filed on December 5, 2007, the first day Mr.
28 Shahriari returned to town and was able to review the moving papers in detail.

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO TRANSFER FOR IMPROPER VENUE**

4

E.   CONCLUSION

For all of the reasons set forth above, this court should transfer this action to the Central District as requested by Defendants.

Dated:   December 5, 2007          LAW OFFICE OF JOHN B. RICHARDS


_____
John B. Richards, Attorney For Defendants

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER FOR IMPROPER VENUE**

5