John B. Richards, SBN 175882
**LAW OFFICES OF JOHN B. RICHARDS**
137 E. Anapamu Street
Santa Barbara, CA 93101
Tel: 805/683-2736

Attorney For Defendants and Counter-Claimants,
**Vegas Connection, a California Corporation, Omar Awad, an individual, Jahangir Shahriari, an individual**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(Oakland Division)

| | |
|---|---|
| DE SOL CORP., INC. a California corporation,<br><br>Plaintiff<br><br>vs.<br><br>Vegas Connection, Inc., a California corporation; Omar Awad, an individual; Jahangir Shahriari, an individual,<br><br>Defendants. | Case No.: C07 4107<br><br>DECLARATION OF JAHANGIR SHAHRIARI IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER CASE FOR IMPROPER VENUE<br>[28 USC §1404(a)]<br><br>Date:     December 18, 2007<br>Time:    1:00 p.m.<br>Location:  Courtroom 3, 3rd Floor |

I, JAHANGIR SHAHRIARI, declare as follows:

1. I currently am, and during all the times mentioned in this declaration was, one of the two owners, and President of Defendant VEGAS CONNECTION, INC. ("Vegas Connection").

2. I make this declaration in support of Defendants' Reply To Plaintiff's Opposition to Defendants' Motion To Transfer For Improper Venue Or In The Alternative To Transfer For Convenience.

3. I am personally familiar with all matters that are the subject of this declaration and the facts set forth in this declaration are within my personal

**DECLARATION OF JAHANGIR SHAHRIARI IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER FOR IMPROPER VENUE OR IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE**

1

1  knowledge. If called as a witness, I would and could competently testify to all
2  facts stated herein.
3      4.    On or about November 24, 2007 I left town on a vacation and I
4  returned to work on Wednesday, December 7, 2007. At no time did I advise my
5  attorney that I was leaving town and would not be back in the office until
6  Wednesday, December 7, 2007.
7      5.    It was not until Wednesday, December 7, 2007 that I returned to the
8  office and first read Plaintiffs' Opposition To Defendants' Motion To Transfer
9  Case For Improper Venue and the Declaration Of Roberto Alvaro in Support Of
10 Opposition To Defendants' Motion To Transfer Case For Improper Venue and
11 knew of their contents.
12     6.    On or about October 15, 2007 I signed a declaration in this matter
13 which apparently had not been "sworn or subscribed as true under penalty of
14 perjury as required by law." I have re-read my October 15, 2007 declaration and
15 hereby re-affirm, under penalty of perjury, each and every statement set forth in
16 my October 15, 2007 declaration.
17     7.    With reference to paragraph 3, 4, and 5 of Mr. Alvaro's declaration, it
18 is true that I met with Mr. Alvaro in or about December 28 or 29, 2006 and that
19 both Mr. Jose Antonio Gonzales ("Tony") and Mr. Khalil Awad, general manager
20 of Defendant Vegas Connection were in attendance as well. At no time during
21 this meeting did Mr. Alvaro ever explain that his company was based San Mateo,
22 California. As I stated in my previous declaration, the first time I learned of the
23 existence of a San Francisco company named De Sol was in early May, 2007 when
24 we first received an invoice from said company.
25     8.    With respect to paragraph 6 of Mr. Alvaro's declaration, it is not true
26 that De Sol imported produce from Mexico between January and June, 2007 and
27 sold it to Vegas Connection. We purchased produce directly from Mexican
28 farmers between January and June, 2007 and these farmers transported the

**DECLARATION OF JAHANGIR SHAHRIARI IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER FOR IMPROPER VENUE OR IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE**

2

produce directly to our warehouse.  De Sol was not involved, as far we knew, until early May, 2007.

9. With respect to paragraph 8 of Mr. Alvaro's declaration it should be noted that my company did not begin to sell produce to some of Mr. Alvaro's customers until approximately May of 2007.  I estimate that the total percentage of produce sold to Los Angeles county customers to be approximately 80-90% and the total percentage of produce sold to San Francisco county customers to be approximately 10-20%.

10. I also estimate that the total number of Los Angeles county customers to whom we sold produce to be approximately 50-60and each of these customers may be witnesses in the case.  Similarly, I estimate that the total number of San Francisco customers to be approximately 7-8.

11. With respect to paragraph 10 of Mr. Alvaro's declaration, it is important to note that we did not receive FAXs from, or send FAXs to, San Mateo until approximately early May, 2007.

12. With respect to paragraphs 11 and 12 of Mr. Alvaro's declaration, I admit and acknowledge participating in various telephone conferences with Mr. Alvaro during and throughout the relevant time period, but I did not know Mr. Alvaro's business was in San Mateo until approximately early May of 2007.

13. With respect to paragraph 14 of Mr. Alvaro's declaration, while it might be true that either myself or my general manager Mr. Awad sent a FAX(s) to Shasta Produce in San Francisco, this was done because we understood this company to be one of Mr. Alvaro's customers.

14. With respect to paragraph 15 of Mr. Alvaro's declaration, I do not believe I ever saw this invoice before.  I believe that if this invoice had in fact been FAXd to our office, that either Tony or Boracho must have retrieved the FAX since they had constant access to our company FAX machine.

15. With respect to paragraph 16 of Mr. Alvaro's declaration,  I do not

**DECLARATION OF JAHANGIR SHAHRIARI IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER FOR IMPROPER VENUE OR IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE**

3

believe I ever saw this invoice before. It appears that this invoice was signed by Tony, who had constant access to our company FAX machine and therefore I believe that it was Tony who received this FAX.

I declare under penalty of perjury as set forth in 28 U.S.C. §1746, the foregoing statements to be true and correct.

November ___, 2007

_____
JAHANGIR SHAHRIARI

**DECLARATION OF JAHANGIR SHAHRIARI IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER FOR IMPROPER VENUE OR IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE**

4